1  MICHAEL VON LOEWENFELDT (178665)
   ADRIAN J. SAWYER (203712)
2  **KERR & WAGSTAFFE LLP**
   100 Spear Street, Suite 1800
3  San Francisco, CA 94105–1528
   Telephone: (415) 371-8500
4  Fax: (415) 371-0500

5  Attorneys for Defendant
   A PLACE FOR MOM

6

7

8              **UNITED STATES DISTRICT COURT**

9            **NORTHERN DISTRICT OF CALIFORNIA**

10

11  WILLIAM ALAN GLUCK, MONA          Case No. CV 08-00030 PJH
    SANCHEZ and JANI BIELENBERG,
12  individually and on behalf of all employees   **PROOF OF SERVICE re NOTICE TO**
                                                  **ADVERSE PARTY OF REMOVAL OF**
13  similarly situated,                           **ACTION TO FEDERAL COURT**

14  Plaintiffs,

15  v.

16  A PLACE FOR MOM, a Washington
    corporation; and DOES 1 to 100, inclusive
17

18  Defendants.

19

20

21

22

23

24

25

26

27

28

KERR
&
WAGSTAFFE
LLP

# PROOF OF SERVICE

I, Andrew Hanna, declare that I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Kerr & Wagstaffe LLP, 100 Spear Street, Suite 1800, San Francisco, California 94105.

On January 4, 2008, I served (and attached as Exhibit A) the following document(s):

- **NOTICE TO ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT**

- **ORDER SETTING INITIAL CASE MANAGEMENT AND ADR DEADLINES**

- **NOTICE OF AVAILABILITY OF MAGISTRATE JUDGE TO EXERCISE JURISDICTION**

- **ECF REGISTRATION INFORMATION HANDOUT**

on the parties listed below as follows:

> Rene L. Barge, Esq.
> Ira L. Siskind, Esq.
> CLASS ACTION LITIGATION GROUP, APC
> 11111 Santa Monica Blvd., Suite 1000
> Los Angeles, CA 90025

☒ **By first class mail** by placing a true copy thereof in a sealed envelope with postage thereon fully prepaid and placing the envelope in the firm's daily mail processing center for mailing in the United States mail at San Francisco, California.

☐ **By facsimile machine** (FAX) by personally transmitting a true copy thereof via an electronic facsimile machine.

☐ **By personal service** by causing to be personally delivered a true copy thereof to the address(es) listed herein at the location listed herein.

☐ **By Federal Express** or overnight courier.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 4, 2008, at San Francisco, California.

_____
Andrew Hanna

KERR
&
WAGSTAFFE
LLP

# EXHIBIT A

1  MICHAEL VON LOEWENFELDT (178665)
   ADRIAN J. SAWYER (203712)
2  **KERR & WAGSTAFFE LLP**
   100 Spear Street, Suite 1800
3  San Francisco, CA 94105–1528
   Telephone: (415) 371-8500
4  Fax: (415) 371-0500

5  Attorneys for Defendant
   A PLACE FOR MOM
6

7

8              UNITED STATES DISTRICT COURT         PJH

9            NORTHERN DISTRICT OF CALIFORNIA

10                    CV  08      0030

11  WILLIAM ALAN GLUCK, MONA            Case No.
    SANCHEZ and JANI BIELENBERG,
12  individually and on behalf of all employees    NOTICE OF REMOVAL
    similarly situated,
13

14  Plaintiffs,

15  v.

16  A PLACE FOR MOM, a Washington
    corporation; and DOES 1 to 100, inclusive
17

18  Defendants.

19

20

21

22

23

24

25

26

27

28

1        TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

2    NORTHERN DISTRICT OF CALIFORNIA:

3        PLEASE TAKE NOTICE that pursuant to 28 U.S.C. sections 1331 and 1446, Defendant

4    A Place for Mom, Inc. ("APFM"), hereby removes to this Court the action described herein.

5    APFM respectfully submits the following statement of grounds for removal:

6        1.  On or about November 21, 2007, a complaint was filed in the Superior Court of the

7    State of California, County of Alameda, entitled "Gluck, et al. v. A Place for Mom" (the

8    "Complaint").  Copies of the summons, Complaint, and all other papers served on APFM are

9    attached hereto as Exhibit A.

10       2.  Plaintiffs served the Complaint on APFM on December 5, 2006.

11       3.  The Complaint alleges six claims, all based on violations of federal and state

12   "wage and hour" laws with respect to two putative classes of alleged employees.

13       4.  The first claim is brought on behalf of a putative class under the Fair Labor

14   Standards Act ("FLSA"), 29 U.S.C. §§ 206 and 207, for alleged unpaid minimum wage and

15   overtime compensation.  This Court has original jurisdiction over the FLSA claim pursuant to 28

16   U.S.C. § 1331.

17       5.  The remaining six claims are asserted under California statutory law on behalf of

18   a putative statewide class for (1) unpaid minimum wage and overtime compensation, (2) failure

19   to pay vacation wages, (3) failure to provide itemized wage statements, (4) failure to reimburse

20   for work related expenses, and (5) unfair business practices, based on the preceding allegations.

21   These state law claims are so related to the FLSA claim that they form part of the same case or

22   controversy under Article III of the United States Constitution.  Accordingly, this Court has

23   supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

24       6.  For the reasons stated above, this case is one that may be removed to this Court

25   by APFM pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446.  This removal is effected less than

26   thirty days after service on APFM of the Complaint in the state court action, in accordance with

27   28 U.S.C. § 1446(b).

28

1    WHEREFORE, Defendant APFM hereby gives notice that this action has been removed,

2  in its entirety, from the Superior Court for the County of Alameda to the United States District

3  Court for the Northern District of California, for further proceedings as though it had been

4  originally filed herein.

5  DATED: January 3, 2007

6                                    KERR & WAGSTAFFE LLP

7

8                          By _____

9                              ADRIAN J. SAWYER

10                             Attorneys for Defendant
                               A PLACE FOR MOM

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.                                                        NOTICE OF REMOVAL

KERR
&
WAGSTAFFE
LLP

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>A PLACE FOR MOM, a Washington corporation; and DOES 1 to 100,<br>inclusive<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTA DEMANDANDO EL DEMANDANTE):*<br>WILLIAM ALAN GLUCK, MONA SANCHEZ and JANI<br>BIELENBERG, individually and on behalf of all employees similarly<br>situated | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)*<br><br>ENDORSED<br>FILED<br>ALAMEDA COUNTY<br><br>NOV 2 1 2007<br><br>CLERK OF THE SUPERIOR COURT<br>By    SUSAN ERICKSON<br>Dept |

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA<br>1225 Fallon Street<br>Oakland CA 94612 | CASE NUMBER:<br>*(Número del Caso):* RG07357670 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Rene L. Barge; Ira L. Siskind    (310-481-9851)
Class Action Litigation Group, APC, 11111 Santa Monica Blvd., Suite 1000, Los Angeles, CA 90025

| | | |
|---|---|---|
| DATE: NOV 2 1 2007<br>*(Fecha):* | PAT SWEETEN<br>EXECUTIVE OFFICER/CLERK, by     SUSAN ERICKSON<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

| [SEAL] | 1. ☐ as an individual defendant.<br>2. ☐ as the person sued under the fictitious name of *(specify):*<br><br>3. ☐ on behalf of *(specify):*<br><br>under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)<br>☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)<br>☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)<br>☐ other *(specify):*<br>4. ☐ by personal delivery on *(date):* |
|---|---|

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.
www.USCourtForms.com

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Rene L. Barge (SBN 182317), Ira L. Siskind (SBN 150721)<br>CLASS ACTION LITIGATION GROUP, APC<br>11111 Santa Monica Boulevard, Suite 1000<br>Los Angeles, CA 90025<br>TELEPHONE NO.: 310-481-9851    FAX NO.: 310-479-7051<br>ATTORNEY FOR (Name): William Alan Gluck, et al | ENDORSED<br>FILED<br>ALAMEDA COUNTY<br><br>NOV 21 2007<br><br>CLERK OF THE SUPERIOR COURT<br>By WILLIAM ERICKSON |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **ALAMEDA**
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME:
Gluck, et al. v. A Place For Mom, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter    ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: | RG07357670 |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint (not specified above) (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition (not specified above) (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☑ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☑ is    ☐ is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   - a. ☐ Large number of separately represented parties          d. ☑ Large number of witnesses
   - b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve          e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   - c. ☑ Substantial amount of documentary evidence          f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary    b. ☑ nonmonetary; declaratory or injunctive relief    c. ☐ punitive
4. Number of causes of action (specify): 6
5. This case ☑ is    ☐ is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: November 20, 2007
IRA L. SISKIND
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

*Unified Rules of the Superior Court of California, County of Alameda*

5. ADDENDUM TO CIVIL CASE COVER SHEET

| Short Title: William Alan Gluck, et al. v. A Place for Mom, et al. | Case Number: |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

[X] Oakland, Rene C. Davidson Alameda County Courthouse (446)  [ ] Hayward Hall of Justice (447)
[ ] Pleasanton, Gale-Schenone Hall of Justice (448)

| Category | Type | | | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | | | Is this an uninsured motorist case? [ ] yes [ ] no |
| Other PI / PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (G) |
| | Product liability (24) | [ ] | 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non-PI/PD/ WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [X] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wnty (06) | [ ] | 04 | Breach contract / Wnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial    Is the deft. in possession |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential   of the property? |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs    [ ] Yes   [ ] No |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | | | Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes [ ] No |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 85 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaint (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

202-19 (5/1/00)

A-13

1
René L. Barge (SBN 182317)
Ira L. Siskind (SBN 150721)
**CLASS ACTION LITIGATION GROUP, APC**
2
11111 Santa Monica Boulevard, Suite 1000
Los Angeles, California 90025
3
Tel:   (310) 481-9851
Fax:  (310) 481-9851
4
5
Lee Feldman (SBN 171628)
**The Feldman Law Firm, APC**
10100 Santa Monica Blvd #2490
6
Los Angeles, CA 90067
Tel:   (310) 552-7812
7
Fax:  (310) 552-7814

8
Attorneys for Plaintiffs, WILLIAM ALAN GLUCK,
MONA SANCHEZ, and JANI BIELENBERG individually
9
and on behalf of all employees similarly situated

ENDORSED
FILED
ALAMEDA COUNTY

NOV 2 1 2007

CLERK OF THE SUPERIOR COURT
By   SUSAN BRITTSON

10
**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
11
**COUNTY OF ALAMEDA**

12

13   WILLIAM ALAN GLUCK, MONA
SANCHEZ and JANI BIELENBERG,
14   individually and on behalf of all employees
similarly situated,
15

16                    Plaintiffs,

17          vs.

18   A PLACE FOR MOM, a Washington
corporation; and DOES 1 to 100, inclusive,
19

                     Defendants.
20

21

22

23

24

25

26

27

28

CASE NO. RG07357670

[CLASS ACTION]

COMPLAINT FOR DAMAGES,
INJUNCTIVE RELIEF, AND
RESTITUTION

1.   Willful Failure To Pay Minimum
Wages and Overtime Wages (29
U.S.C. sections 206, 207, 216, 255)

2.   Willful Failure To Pay Wages,
Minimum Wages and/or Overtime
Wages (Cal. Labor Code sections
201-203; 510, 1194, 1197)

3.   Failure to Pay Vacation Wages (Cal.
Labor Code section 227.3)

4.   Failure To Provide Itemized Wage
Statements (Cal. Labor Code §226)

- 1 -

5.  Failure to Reimburse For Work Related Expenses (29 U.S.C. section 531.35, Cal. Lab. Code section 2802)

6.  Unfair Business Practices (Cal. Bus. & Professions Code §17200 *et seq.*).

JURY TRIAL DEMANDED

## CLASS ACTION ALLEGATIONS

1.  Pursuant to Code of Civil Procedure §382, Plaintiffs, WILLIAM ALAN GLUCK, MONA SANCHEZ and JANI BIELENBERG, individually and on behalf of all employees similarly situated, seek class-wide relief for patterns and practices of unlawful conduct by Defendant, A PLACE FOR MOM (hereinafter referred to as "APFM" or "Defendant"), and DOES 1-100..

2.  Plaintiffs bring this action on behalf of two classes of employees, as follows:

a.  All current and former APFM commission-only employees who were employed by APFM within the four years preceding the filing of this complaint up until the time that class certification is granted ("FLSA Class");

b.  All current and former AFPM commission-only employees who worked within the State of California and who left employment with AFPM within the four years preceding the filing of this complaint. ("California Class").

3.  The Plaintiffs' class is so numerous that the individual joinder of all members is impractical under the circumstances of this case. While the exact number of class members is unknown to them at this time, Plaintiffs are informed and believe, and thereon allege that there are over 100 current and former employees of APFM who worked in California during their employment with APFM within the past four years. Such persons were paid strictly on a commission basis and were not paid lawful overtime compensation and /or the prevailing minimum wage during the period covered by this

- 2 -

Complaint for Damages, Injunctive Relief, Restitution

1   action.

2       4.      The rights which are the subject of this action are common to all of the

3   potential class members who worked for APFM. There are questions of law and fact

4   presented herein which are common to the entire class of persons represented by

5   Plaintiffs, and Plaintiffs' claims, as hereinafter set forth, are typical of the claims of all

6   class members including, but not limited to:

7           i)      Whether Defendants' practice of not paying minimum wages and/or

8                   overtime compensation to its commission-only employees who share

9                   common duties, and responsibilities, was unlawful;

10          ii)     Whether the job duties performed by APFM commission-only

11                  employees can be considered as "sales" duties such as to qualify

12                  them for outside sales exemptions from overtime and minimum

13                  wage requirements;

14          iii)    Whether defendant imposed an illegal forfeiture policy for accrued

15                  vacation wages owed to former employees upon termination; and

16          iv)     Whether defendant failed to comply with paycheck stub reporting

17                  requirements by failing to accurately report all hours worked and the

18                  applicable hourly rates of pay.

19      5.      Plaintiffs' claims are typical of the claims that can be brought on behalf of

20  all other class members. Plaintiffs and the members of the Commission Class sustained

21  damages as a result of Defendants' common practice of failing to pay overtime and/or the

22  prevailing minimum wage and defendant's illegal forfeiture policy for accrued vacation

23  time. Plaintiffs, like the other class members, routinely worked more than 40 hours per

24  workweek, and more than 8 hours per workday and more than 6 days in a workweek,

25  during the period covered by this action and were routinely denied their rightfully earned

26  minimum wages and overtime compensation.

27      6.      Plaintiffs are qualified to, and will, fairly and adequately protect the

28  interests of each class member. Plaintiffs are represented by counsel who has many

- 3 -

1   years of experience in wage and hour class actions. Plaintiffs have no interests that are
2   adverse to the interests of the other class members.

3       7.      Class action adjudication is superior to other available methods because
4   class action will achieve economies of time, effort, judicial resources, and expense as
5   compared to separate lawsuits, and will avoid inconsistent results because the same issues
6   can be adjudicated in the same manner for the entire class. Plaintiffs are currently
7   unaware of any pending litigation commenced by any class member involving the same
8   issues alleged in this Complaint.

9       8.      Plaintiffs have retained Class Counsel who has previously been certified in
10  wage and hour cases and who are experienced and competent in both class action and
11  employment litigation.

12                          GENERAL ALLEGATIONS

13      9.      Plaintiffs WILLIAM ALAN GLÜCK and MONA SANCHEZ are, and at
14  all relevant times referenced herein, present and/or former residents of the State of
15  California. Plaintiff JANI BIELENBERG is, and at all relevant times referenced herein, a
16  present and/or former resident of the State of Colorado. Plaintiffs are former employees
17  of Defendant, A PLACE FOR MOM, a Washington corporation, and DOES 1 through
18  100, inclusive.

19      10.     Defendant A PLACE FOR MOM is and was at all times relevant a
20  Washington corporation doing business under and by virtue of the laws of the State of
21  Washington, and at all times relevant was engaged in commerce within California, and
22  throughout various states of the United States of America.

23      11.     Plaintiffs are ignorant of the true names and capacities, whether individual,
24  corporate, associate, or otherwise, of the Defendants named herein as DOES 1 through
25  100, and Plaintiffs therefore sue these Defendants, and each of them, by said fictitious
26  names. Plaintiffs will amend this complaint to allege their true names and capacities
27  when such information has been ascertained.

28

                                  - 4 -

1    12.    Plaintiffs are informed and believe and thereon allege that at all times

2   herein mentioned, the Defendants and each of them, were the agents, servants, and/or

3   employees of each and every other Defendant, and that all acts and omissions herein

4   complained of were performed within the course and scope of said employment, service,

5   or agency, and each Defendant has ratified, approved, and authorized the acts of each of

6   the remaining Defendants with full knowledge of said acts.

7                               FACTUAL ALLEGATIONS

8    13.    This action is brought under the Fair Labor Standards Act of 1938 and the

9   California Labor Code to recover unpaid overtime compensation, unpaid wages,

10   liquidated damages, as well as other penalties.

11    14.    At all times herein relevant, Defendant was an employer within the

12   definition of the FLSA and California law, and Plaintiffs were, at all times herein

13   relevant, employees of Defendant within the definition of the FLSA and California law.

14    15.    At all times herein relevant, APFM was in the business of providing

15   referral services to families in need of eldercare and its annual gross volume of business

16   during the relevant time period has been well over $500,000.

17    16.    At all times herein relevant, Defendant categorized Plaintiffs and all

18   putative class members as "commission-only" employees and informed them that they

19   were not eligible to receive overtime or minimum wage compensation and that their

20   compensation would be entirely based upon earned commissions.

21    17.    At all times herein relevant, Plaintiffs worked primarily out of their own

22   homes arranging client referrals by telephone. Plaintiffs are informed and believe and

23   thereon allege that other persons employed by Defendants as commission-only

24   employees worked under the same condition.

25    18.    Plaintiffs were not paid overtime compensation when they worked in

26   excess of 8 hours in a workday or 40 hours in a workweek. At times, Plaintiffs worked 6

27   or 7 days in a workweek. Plaintiffs are informed and believe and thereon allege that other

28   persons employed by Defendants as "commission-only" employees worked under the

- 5 -

Complaint for Damages, Injunctive Relief, Restitution

1   same condition.

2       19.   Plaintiffs, at times, did not receive any compensation within a 30-day or

3   longer period, in violation of both federal and state prevailing minimum wage laws.

4   Plaintiffs are informed and believe and thereon allege that other persons employed by

5   Defendants as "commission-only" employees worked under the same condition.

6       20.   A representative action pursuant to California Business and Professions

7   Code § 17200 et seq. on behalf of the general public is appropriate and necessary

8   because as a general business practice Defendant did not and does not pay lawful wages

9   and otherwise acted and acts contrary to the provisions of the FLSA and California Labor

10  Code. Plaintiffs also request that this Court exercise its ancillary jurisdiction over the

11  sums unlawfully retained by Defendants and order that Defendants make restitution to all

12  affected class members, pursuant to California Business and Professions Code § 17200 et

13  seq.

14                          FIRST CAUSE OF ACTION

15           Willful Failure To Pay Minimum Wages and Overtime Wages

16                   (29 U.S.C. Sections 206, 207, 216, 255)

17      21.   Plaintiffs reassert and reallege paragraphs 1 through 20, inclusive, as

18  though set forth fully herein and incorporate said paragraphs herein by reference.

19      22.   At all times herein relevant, Defendants knew or should have known that

20  Plaintiffs were working more than 40 hours in a workweek and earning less than

21  minimum wages because, among other things, Defendant required all commission-only

22  employees to work a minimum of 40 hours per week. Notwithstanding such knowledge,

23  Defendant failed to pay Plaintiffs minimum wages or overtime wages at the rate of one

24  and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a

25  workweek. Defendant has either recklessly or knowingly and intentionally failed to

26  properly compensate Plaintiffs for all of the overtime hours worked by Plaintiffs.

27      23.   Plaintiffs are informed and believe and thereon allege that Defendant

28  similarly failed to pay minimum wages and overtime compensation at the proper rate of

Complaint for Damages, Injunctive Relief, Restitution

1    one and one-half times the regular rate to all other persons similarly employed by APFM

2    throughout the United States.

3         24.    In doing all the things described and alleged, Defendant deprived Plaintiffs,

4    and other similarly situated persons, of their rights, privileges and immunities secured to

5    them by Federal law which clearly sets forth that they were entitled to be paid at the legal

6    minimum wage rate and at one and one-half times the regular rate of pay for all overtime

7    hours worked. Defendant knew, or should have known, that its reckless and/or willful

8    and intentional failure to pay Plaintiffs and other similarly situated employees overtime

9    violates these rights, privileges and immunities.

10         25.    As a direct and proximate result of Defendant's actions and inactions,

11    Plaintiffs and other similarly situated employees have been damaged, and are entitled to

12    compensatory and/or liquidated damages in an amount according to proof at trial

13    including, but not limited to, a sum equivalent to and in addition to their unpaid overtime

14    compensation for the three years preceding the filing of this Complaint as required by 29

15    U.S.C. § 216(b), as well as attorney's fees and costs.

16    <center>SECOND CAUSE OF ACTION</center>

17    <center>Willful Failure To Pay Wages, Minimum Wages and/or Overtime Wages</center>

18    <center>(Cal. Labor Code sections 201-203; 510, 1194, 1197)</center>

19         26.    Plaintiffs reassert and reallege paragraphs 1 through 25, inclusive, as

20    though set forth fully herein and incorporate said paragraphs herein by reference.

21         27.    Pursuant to Labor Code sections 201, 203, 215, 216, 226, 226.6, 1174,

22    1194, 1194.2, 1197, and 1199, it is unlawful for an employer to suffer or permit an

23    employee to work without paying wages for all hours worked, as required by the

24    applicable Industrial Welfare Commission ("IWC") wage order, including but not limited

25    to failing to keep records of and correctly report hours worked.

26         28.    At all times relevant herein, IWC Wage Order No. 2, governing "Personal

27    Service Industries", applied and continues to apply to Plaintiffs' employment with

28    APFM.

<center>- 7 -</center>

<center>Complaint for Damages, Injunctive Relief, Restitution</center>

29.    At all times relevant herein, Defendant maintained and enforced policies and practices of refusing to pay commission-only Class Members for all hours worked, as a condition of their employment with APFM.  APFM's express policy was to only pay commission wages to commission-only employees, with no regard to whether or not each employee was earning at least minimum wages and overtime wages for all hours worked.

30.    Pursuant to California law, including, but not limited to, California Labor Code § 1197 and all applicable IWC Wage Orders, Defendant was required to pay Plaintiffs and other California commission-only employees at the then prevailing State of California minimum wage rate.

31.    In addition, pursuant to Labor Code sections 510 and 1194, Defendant was required at all times to pay its California commission-only employees overtime pay at the rate of one and a half times their regular rate of pay for all hours worked in excess of eight hours per day and/or forty hours per week

32.    At all relevant times, Defendant failed and refused to pay Plaintiffs and other California commission-only employees at the State of California minimum wage rates for all hours worked when those wages were due and owing, and there remains due and owing minimum wages in an amount according to proof at trial.

33.    In addition, at all relevant times Defendant failed and refused to pay Plaintiffs and other California commission-only employees overtime wages for hours worked in excess of forty hours per week and/or eight hours per day at one and a half times the employee's regular hourly rate of pay.

34.    Defendant did not timely pay wages owed to Plaintiffs and other formerly employed commission-only employees at the conclusion of their employment with APFM, entitling these former employees to statutory penalties under Labor Code sections 201-203.

35.    Plaintiffs, individually and on behalf of employees similarly situated, requests recovery of minimum wages, overtime wages, and waiting time penalties according to proof, interest, attorney fees, and costs pursuant to Labor Code section 1194.

- 8 -

Complaint for Damages, Injunctive Relief, Restitution

1    subdivision (a).

2    ### THIRD CAUSE OF ACTION

3    Illegal Forfeiture of Vacation Time and Wages

4    (Cal. Labor Code secs. 201-203, 227.3)

5    36.    Plaintiffs, individually and on behalf of employees similarly situated,

6    hereby restate, reallege, and incorporate by reference herein, paragraphs 1 through 35 of

7    this complaint, as though fully set forth herein.

8    37.    Pursuant to California Labor Code section 227.3, it is illegal for an

9    employer to enforce an employment contract that provides for forfeiture of vested

10    vacation time. According to section 227.3, each employee is entitled to receive payment

11    at the time of their termination for all vested vacation time that had accrued but was not

12    used by the employee prior to their termination. Further, each employee has four years

13    from the date of their termination to bring a claim for vacation wages.

14    38.    According to information and belief, Plaintiffs allege that at all times

15    relevant herein, Defendant APFM had a written policy which it enforced which mandated

16    that all accrued vacation time would be forfeited by all employees at the time of their

17    termination, which resulted in forfeiture of unused vacation wages for formerly-

18    employed California employees.

19    39.    Records of forfeited vacation wages for each California APFM employee

20    are available from Defendant's payroll records, which it is required to maintain for at

21    least five years.

22    40.    Defendant did not timely pay vacation wages to Plaintiffs and other

23    employees at the conclusion of their employment with Defendant, thus entitling these

24    former employees to statutory penalties under Labor Code sections 201-203.

25    41.    Plaintiffs, individually and on behalf of employees similarly situated,

26    request recovery of vacation wages according to proof, interest, attorney fees, and costs

27    pursuant to Labor Code section 218.5, as well as the assessment of any statutory penalties

28    against the Defendant in a sum as provided by the Labor Code and/or other statutes.

- 9 -

## FOURTH CAUSE OF ACTION

### For Violation of California Paycheck Stub Reporting Requirements

(Cal. Labor Code section 226(e))

42.    Plaintiffs reassert and reallege paragraphs 1 through 41, inclusive, as though set forth fully herein and incorporate said paragraphs herein by reference.

43.    California Labor Code § 226(a) sets forth reporting requirements for employers when they pay wages: "Every employer shall ... at the time of each payment of wages, furnish each of his or her employees ... an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee ... (5) net wages earned ... (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee." Section (e) provides: "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and shall be entitled to an award of costs and reasonable attorney's fees."

44.    Defendant intentionally failed to furnish to Plaintiffs and the California class members upon each payment of wages any itemized statements of the actual number of hours worked, the overtime hours worked, the applicable hourly rates, or the overtime rates. Plaintiffs and the class members were injured and damaged by these failures because, among other things, the failures led them to believe that they were not entitled to be paid minimum wages or wages for overtime hours worked, although they were so entitled. Also, Defendants' failure to comply with California Labor Code § 226(a) hindered class members from determining the amounts of wages actually owed to them.

- 10 -

1      45.   Plaintiffs, and other class members, were and will be injured by

2  Defendants' failure to comply with the itemized statement requirements of Labor Code §

3  226(a) since there are no accurate records reflecting amounts owed for unpaid overtime.

4  Defendants will no doubt continue the illegal practices until such time as they are forced

5  to pay penalties in compliance with Labor Code § 226(e).

6      46.   Plaintiffs, individually and on behalf of employees similarly situated,

7  request recovery of statutory penalties pursuant to Labor Code § 226(e) and any damages

8  according to proof, interest, as well as attorney fees and costs pursuant to Labor Code §

9  226(e), in a sum as provided by the Labor Code and/or other statutes.

10                        **FIFTH CAUSE OF ACTION**

11                Failure to Reimburse for Work Related Expenses

12              (29 C.F.R. 531.35, Cal. Labor Code Section 2802)

13      47.   Plaintiffs reassert and reallege paragraphs 1 through 46, inclusive, as

14  though set forth fully herein and incorporate said paragraphs herein by reference.

15      48.   29 C.F.R. section 531.35 provides that wages cannot be considered to

16  have been paid by the employer and received by the employee unless they are paid finally

17  and unconditionally or "free and clear." If it is a requirement of the employer that the

18  employee must provide tools of the trade which will be used in or are specifically

19  required for the performance of the employer's particular work, there would be a violation

20  of the Act in any workweek when the cost of such tools purchased by the employee cuts

21  into the minimum or overtime wages required to be paid him under the Act.

22      49.   California Labor Code section 2802 also requires employers to

23  reimburse its employees for work-related expenses.

24      50.   Defendant APFM required all of its commission-only employees to set

25  aside a sound-proof room of their home for the performance of their daily work. The

26  employees were further required to furnish a dedicated phone line and fax line for this

27  room. Commission-only employees incurred many other work related expenses,

28  including computer lease fees, office supplies, fax machines, and travel mileage.

- 11 -

1       51.    Defendant failed and refused to adequately reimburse its commission-

2  only employees for these work related expenses.

3       52.    Plaintiffs, individually and on behalf of employees similarly situated,

4  request recovery of unreimbursed work related expenses according to proof, interest, as

5  well as the assessment of any statutory penalties against the Defendant in a sum as

6  provided by the FLSA, Labor Code and/or other statutes.

7                          SIXTH CAUSE OF ACTION

8               For Violation of California Business and Professions Code

9      § 17200 et seq. and for Preliminary and Permanent Injunction and Restitution

10      53.    Plaintiffs reassert and reallege paragraphs 1 through 52, inclusive, as

11  though set forth fully herein and incorporate said paragraphs herein by reference.

12      54.    Plaintiffs allege that if Defendant is not enjoined from the conduct set forth

13  above, it will continue to fail to pay minimum wages and overtime wages to commission-

14  only employees who do not meet the statutory and regulatory exemption requirements.

15  In addition, Defendants will continue to avoid paying the appropriate taxes, insurance,

16  and unemployment withholdings.

17      55.    Plaintiffs request that the Court issue a preliminary and permanent

18  injunction prohibiting Defendant from requiring commission-only employees, who do not

19  meet the statutory and regulatory guidelines for exemption, from working more than

20  eight (8) hours a day and/or forty (40) hours in any work week without payment of

21  overtime wages or at less than the prevailing minimum wage rate.

22      56.    Plaintiffs also request that the Court order Defendant to pay restitution to

23  the Plaintiffs and to the California class members in the form of illegally retained earned

24  overtime wages and benefits, and to disgorge all illegally obtained monies from failing to

25  pay taxes, state disability insurance premiums, and unemployment taxes, obtained by way

26  of its violations of Business and Professions Code § 17000 et seq. and § 17200 et seq.

27  ///

28  ///

Complaint for Damages, Injunctive Relief, Restitution

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray, on behalf of themselves and all other similarly situated persons, for relief and judgment against Defendants, jointly and severally, as follows:

As to the First, Second, Third, and Fifth Causes of Action

1.  All actual, consequential, liquidated and incidental losses and damages, according to proof at trial;

2.  Such other damages as may be allowed under 29 U.S.C. §216 (b) according to proof a trial;

3.  Liquidated damages, attorney's fees and costs, pursuant to 29 U.S.C. sections 216 (b) and 255(a); and

4.  Any and all other relief, including equitable relief, as the Court may deem just and proper.

As to the Fourth Cause of Action

1.  Liquidated damages as provided for in California Labor Code section 226(e) for the three years preceding the filing of this complaint;

2.  For such other and further relief as the Court may deem appropriate.

As to the Sixth Cause of Action

1.  For a preliminary and permanent injunction prohibiting Defendants from requiring Advisors to work more than eight (8) hours a day or forty (40) hours in any workweek without payment of overtime wages;

2.  For an order requiring Defendants, and each of them, to show cause, if any they have, why they should not be enjoined as set forth herein, during the pendency of this action;

3.  For a temporary restraining order, a preliminary injunction, and a permanent injunction, all enjoining Defendants from failing to pay overtime wages, withholding taxes, matching funds, social security, Medicare, unemployment and workers' compensation premiums as required by law

Complaint for Damages, Injunctive Relief, Restitution

1  and as it relates to their actual cost of doing business, such order being

2  without bond pursuant to Business and Professions Code §17081;

3     4.   Restitution and disgorgement of all sums obtained for the past four years in

4  violation of Business and Professions Code § 17000 *et seq.* and § 17200 *et*

5  *seq.*;

6     5.   For pre-judgment interest on all funds from the day such amounts were due;

7     6.   For reasonable attorney's fees pursuant to Code of Civil Procedure 1021.5

8  or any other applicable theory for attorneys' fees;

9     7.   For costs of suit incurred herein; and

10     8.   For such other and further relief as the Court may deem appropriate.

11

12  Dated: November 20, 2007          CLASS ACTION LITIGATION GROUP, APC

13

14                      By:

15                            RENE L. BARGE, Esq.

16                            IRA L. SISKIND, Esq.
                          Attorneys for Plaintiffs

17

18

19                      DEMAND FOR JURY TRIAL

20       Plaintiffs on behalf of themselves and all others on whose behalf this suit is

21  brought, demand trial by jury to the fullest extent permitted in this action.

22

23  Dated: November 20, 2007          CLASS ACTION LITIGATION GROUP, APC

24

25                      By:

26                            RENE L. BARGE, Esq.
                          IRA L. SISKIND, Esq.

27                            Attorneys for Plaintiffs

28

                                   - 14 -

ALTERNATIVE DISPUTE RESOLUTION
INFORMATION PACKAGE
Effective April 15, 2005

Instructions to Plaintiff / Cross-Complainant

In all general civil cases filed in the trial courts after June 30, 2001, the plaintiff is required to serve a copy of this ADR information package on each defendant.

California Rules of Court, Rule 201.9 (Excerpt)

(a) Each court must make available to the plaintiff, at the time of filing of the complaint, an Alternative Dispute Resolution (ADR) information package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes . . .

(2) Information about the ADR programs available in that court . . .

(3) In counties that are participating in the Dispute Resolution Programs Act (DRPA), information about the availability of local dispute resolution programs funded under the DRPA . . .

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) Court may make package available on Web site . . .

(c) The plaintiff must serve a copy of the ADR information package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR information package on any new parties to the action along with the cross-complaint.

Rev 4/05

## Three Common Types of Alternative Dispute Resolution

This section describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

### Mediation

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved; the parties do.

Mediation is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how they each see things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or has unequal bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

### Arbitration

In arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. Arbitration normally is more informal and much speedier and less expensive than a lawsuit. Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medical reports and bills and business records) rather than by testimony.

There are two kinds of arbitration in California: (1) Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and is normally binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision. (2) "Judicial arbitration" takes place within the court process and is not binding unless the parties agree at the outset to be bound. A party to this kind of arbitration who does not like a judicial arbitration award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to decide on the outcome of their dispute themselves.

### Neutral Evaluation

In evaluation, a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments and makes an evaluation of the case. Each party gets a chance to present his or her side and hear the other side. This may lead to a settlement or at least help the parties prepare to resolve the dispute later on. If the neutral evaluation does not resolve the dispute, the parties may go to court or try another form of ADR.

Neutral evaluation, like mediation, can come early in the dispute and save time and money.

Neutral evaluation is most effective when a party has an unrealistic view of the dispute, when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Neutral evaluation may not be a good idea when it is too soon to tell what the case is worth or if the dispute is about something besides money, like a neighbor playing loud music late at night.

## Other Types of Alternative Dispute Resolution

There are several other types of ADR besides mediation, arbitration, and neutral evaluation. Some of these are conciliation, settlement conferences, fact-finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR methods. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney about your legal rights and other matters relating to the dispute.

## Help Finding an Alternative Dispute Resolution Provider in Your Community

To locate a dispute resolution program or private neutral in your community:

- **Visit the Court's Web site.** The Alameda County Superior Court maintains a list of court-connected mediators, neutral evaluators, and private arbitrators at http://www.co.alameda.ca.us/courts/adr.htm.

- **Contact the Small Claims Court Legal Advisor.** The small claims legal advisor for Alameda County is located at the Wiley W. Manuel Courthouse, Self-Help Center. The phone number is 510-268-7665.

- **Visit the California Department of Consumer Affairs' Web site.** The Department of Consumer Affairs (also called the DCA) has posted a list of conflict resolution programs throughout the state. The list can be found at http://www.dca.ca.gov/r_r/mediati1.htm

  You can also call the Department of Consumer Affairs, Consumer Information Center, at 800-952-5210.

- **Contact your local bar association.** You can find a list of local bar associations in California on the State Bar Web site at http://www.calbar.org/2lin/2bar.htm.

  If you cannot find a bar association for your area on the State Bar Web site, check the yellow pages of your telephone book under "Associations."

- **Look in the yellow pages of your telephone book under "Arbitrators" or "Mediators."**

- **Automotive Repair, Smog Check:** The **California Bureau of Automotive Repair** (also known as BAR) offers a free mediation service for consumers who are dissatisfied with an auto repair or a smog check, or who dispute an invoice for such services. BAR registers and regulates California automotive repair facilities and licenses smog, lamp, and brake inspection stations. Learn more at http://smogcheck.ca.gov/smogweb/geninfo/otherinfo/ mediation.htm or call 800-952-5210.

- **Attorney Fees:** The **State Bar of California** administers a mandatory fee arbitration program to resolve attorney fee disputes between lawyers and their clients. The program is an informal, low-cost forum and is mandatory for a lawyer if a client requests it. Mediation of attorney fees disputes may also be available in some areas of California. Learn more at http://www.calbar.org/2bar/3arb/3arbndx.htm or call 415-538-2020.

DISPUTE RESOLUTION PROGRAMS IN ALAMEDA COUNTY

Mediation Services
222278 Redwood Road, Castro Valley, CA 94546
Phone: (510) 733-4940   fax: (510) 733-4945
Provides a panel of mediators to assist in the process of reaching an agreement in the areas of Neighborhood Disputes, Child Custody, Divorce, Parent/Teel Conflicts, Home Owners Association, Business, Real Estate, Employer/Employee, and Fremont Rent Increases.

East Bay Community Mediation
1968 San Pablo Avenue, Berkeley, CA 94702-1612
Phone: (510) 548-2377   fax: (510) 548-4051
EBCM is a community-based mediation program created by the union of Berkeley Dispute Resolution Service and Conciliation Forums of Oakland. EBCM offers counseling on options and approaches to resolving a dispute, mediation, large-group conflict facilitation, and conflict resolution skills workshops.

Catholic Charities of the East Bay: Oakland – Main Office
433 Jefferson Street, Oakland, CA 94607
Phone: (510) 768-3100   fax: (510) 451-6998
Mediators are responsible for mediation sessions involving the youth, victim and family members to work towards a mutually agreeable restitution agreement. Also provide free workshops in anger management and mediation.

Center for Community Dispute Settlement
1789 Barcelona Street, Livermore, CA 94550
Phone: (925) 373-1035
Provides services in Tri-Valley for all of Alameda County. Program goals are to increase the number of court cases resolved, mediating small claims cases four days per week, and training youth in listening and conflict resolution skills.

California Lawyers for the Arts: Oakland Office
1212 Broadway Street, Suite 837, Oakland, CA  94612
Phone: (510) 444-6351   fax: (510) 444-6352
This program increases the resolution of arts related disputes such as artistic control, ownership of intellectual property, credit for work performed or produced and contract issues, through the use of alternative dispute resolution. It also increases the capacity to provide services for counseling, conciliation and administration of mediation, arbitration and meeting facilitation.

## ALAMEDA COUNTY SUPERIOR COURT
## ADR PROGRAM

### ADR Program Administrator

Pursuant to California Rule of Court 1580.3, the presiding judge of the Superior Court of California, County of Alameda has designated Benjamin D. Stough, Berkeley Trial Court Administrator, to serve as ADR program administrator.

A Plaintiff may elect, the parties may stipulate or a judge may refer a case to Judicial Arbitration.  The Judicial Arbitration Program Coordinator may be contacted at (510) 670-6646.

### The Judicial Arbitration Process

Appointment of Arbitrator (must be appointed within 30 days after referral per *CRC 1605*).
⇒  Parties mailed list of five names from which to select. (List mailed within 5-10 business days after receipt of referral).

⇒  Each party may reject one of the names listed (10 calendar days per *CRC 1605a*)

⇒  The administrator randomly appoints the arbitrators from the names remaining on the list.  If only one remains then is deemed appointed.

Assignment of Case *(CRC 1605a(4))*
⇒  Within 15 days of notice of the appointment, the arbitrator shall contact parties in writing about time, date, and place of the hearing.  The parties shall receive at least 30 days notice prior to the hearing.

Hearings *(CRC 1611)*
⇒  Shall be scheduled so as to be completed not less than 35 days nor more than 90 days from the date the arbitrator was assigned.  For good cause shown, the case may be continued an additional 90 days by the Case Management Judge.

Award of Arbitrator *(CRC 1615b & c)*
⇒  Arbitrator must file an award within 10 days after conclusion of the arbitration hearing.  The court may allow 20 additional days upon application of arbitrator is cases of unusual length or complexity.

⇒  Within 30 days of the filing of the award the parties may file a Request for Trial de Novo.  The clerk shall enter the award as a judgment after 30 days provided a Trial de Novo has not been filed.

### Return of Case to Court
⇒  Upon Filing of Trial de Novo the action is returned to Case Management Judge for further proceedings. *(CRC 1616 & Local Rule 6.4)*

⇒  If Trial de Novo is not filed then judgment is entered and the Case Management Judge is notified *(CRC 1615c & Local Rule 6.6)*

⇒  If parties indicate a settlement then case is returned to Case Management Judge and case is continued 45 days for an Order to Show Cause RE filing a dismissal. *(Local Rule 6.6)*

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

| | | |
|---|---|---|
| Allen E. Broussard Justice Center<br>600 Washington Street, Oakland, CA 94707 | Berkeley Courthouse<br>2000 Center Street, 2nd Fl., Berkeley, CA 94704 | George E. McDonald Hall of Justice<br>2233 Shoreline Drive, Alameda, CA 94501 |
| Fremont Hall of Justice<br>39439 Paseo Padre Parkway, Fremont, CA 94538 | Gale/Schenone Hall of Justice<br>5672 Stoneridge Drive, Pleasanton, CA 94588 | Wiley W. Manuel Courthouse<br>661 Washington Street, Oakland, CA 94607 |
| Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 | René C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | |

Case No.: _____

       Plaintiff

   vs.

## STIPULATION FOR ALTERNATIVE DISPUTE RESOLUTION (ADR)

      Defendant

The parties by and through their attorneys of record hereby stipulate to submit the within

controversy to the following Alternative Dispute Resolution process:

_____

_____

_____

### ORDER

The foregoing stipulation having been read and considered, and good cause appearing, now therefore,

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the matter be set for Order to Show Cause Hearing RE:

Dismissal on _____ at _____ a.m./p.m. in Department _____

Dated: _____

_____
JUDGE OF THE SUPERIOR COURT

(SEAL)

Rev 4/05



# U.S. District Court Northern California

## ECF Registration Information Handout

The case you are participating in has been designated for this court's Electronic Case Filing (ECF) Program, pursuant to Civil Local Rule 5-4 and General Order 45. <u>This means that you **must**</u> (check off the boxes ☑ when done):

☐ **1) Serve** <u>this</u> ECF Registration Information Handout on **all** parties in the case along with the complaint, or for removals, the removal notice. DO NOT serve the efiler application form, just this handout.

<u>Each attorney representing a party must also:</u>

☐ **2) Register** to become an efiler by filling out the efiler application form. Follow ALL the instructions on the form carefully. If you are already registered in this district, <u>do not</u> register again, your registration is valid for life on all ECF cases in this district.

☐ **3) Email** (do not efile) the complaint and, for removals, the removal notice and all attachments, in PDF format within ten business days, following the instructions below. You do not need to wait for your registration to be completed to email the court.

☐ **4)** Access dockets and documents using **PACER** (Public Access to Court Electronic Records). If your firm already has a PACER account, please use that - it is not necessary to have an individual account. PACER registration is free. If you need to establish or check on an account, visit: **http://pacer.psc.uscourts.gov** or call **(800) 676-6856**.

BY SIGNING AND SUBMITTING TO THE COURT A REQUEST FOR AN ECF USER ID AND PASSWORD, YOU CONSENT TO ENTRY OF YOUR E-MAIL ADDRESS INTO THE COURT'S ELECTRONIC SERVICE REGISTRY FOR ELECTRONIC SERVICE ON YOU OF ALL E-FILED PAPERS, PURSUANT TO RULES 77 and 5(b)(2)(D) (eff. 12.1.01) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

**All subsequent papers submitted by attorneys in this case shall be filed electronically. Unrepresented litigants must file and serve in paper form, unless prior leave to file electronically is obtained from the assigned judge.**

ECF registration forms, interactive tutorials and complete instructions for efiling may be found on the ECF website: http://ecf.cand.uscourts.gov

**Submitting Initiating Documents**

PDF versions of all the initiating documents originally submitted to the court (Complaint or Notice of Removal, exhibits, etc.) must be **emailed (not efiled)** to the **PDF email box for the presiding judge** (not the referring judge, if there is one) **within 10 (ten) business days** of the opening of your case.  For a complete list of the email addresses, please go to: **http://ecf.cand.uscourts.gov** and click on **[Judges]**.

You must include the case number and judge's initials in the <u>subject line</u> of all relevant emails to the court.  You do not need to wait for your registration to email these documents.

These documents must be emailed instead of e-filed to prevent duplicate entries in the ECF system.  All other documents must be e-filed from then on. You do not need to efile or email the Civil Cover Sheet, Summons, or any documents issued by the court at case opening; note that you do need to efile the Summons Returned.

**Converting Documents to PDF**

Conversion of a word processing document to a PDF file is required before any documents may be submitted to the Court's electronic filing system. Instructions for creating PDF files can be found at the ECF web site: <u>http://ecf.cand.uscourts.gov</u>, and click on **[FAQ]**.

**Email Guidelines:** When sending an email to the court, the subject line of the email <u>must</u> contain the **case number, judge's initials** and the **type of document(s)** you are sending, and/or the topic of the email.

**Examples:** The examples below assume your case number is 03-09999 before the Honorable Charles R. Breyer:

| Type of Document | Email Subject Line Text |
|---|---|
| Complaint Only | 03-09999 CRB Complaint |
| Complaint and Notice of Related Case | 03-09999 CRB Complaint, Related Case |
| Complaint and Motion for Temporary Restraining Order | 03-09999 CRB Complaint, TRO |

**Questions**
Almost all questions can be answered in our **FAQ**s at
**http://ecf.cand.uscourts.gov**, please check them first.

You may also email the ECF Help Desk at ECFhelpdesk@cand.uscourts.gov or
call the toll-free ECF Help Desk number at: (866) 638-7829.

The ECF Help Desk is staffed Mondays through Fridays from
9:00am to 4:00pm Pacific time, excluding court holidays.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

# NOTICE OF AVAILABILITY OF MAGISTRATE JUDGE
## TO EXERCISE JURISDICTION

In accordance with the provisions of Title 28, U.S.C., § 636(c), you are hereby notified that a United States magistrate judge of this district is available to exercise the court's jurisdiction and to conduct any or all proceedings in this case including a jury or nonjury trial, and entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge.

An appeal from a judgment entered by a magistrate judge may be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of a district court.

Copies of the Form for the "Consent to Exercise of Jurisdiction by a United States Magistrate Judge" are available from the clerk of court.

The plaintiff or removing party shall serve a copy of this notice upon all other parties to this action pursuant to Federal Rules of Civil Procedure 4 and 5.

FOR THE COURT
RICHARD W. WIEKING, CLERK


By: Deputy Clerk

magcons.ntc (rev. 10/99)

AO 398 (12/93)

# NOTICE OF LAWSUIT AND REQUEST FOR
# WAIVER OF SERVICE OF SUMMONS

TO:   (A) _____

as    (B) _____ of (C) _____

      A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.)
A copy of the complaint is attached to this notice. It has been filed in the United States District Court

for the (D) _____ District of _____

and has been assigned docket number (E) _____ .

      This is not a formal summons or notification from the court, but rather my request that you sign
and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons
and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of
the waiver within (F) _____ days after the date designated below as the date on which this Notice
and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return)
for your use. An extra copy of the waiver is also attached for your records.

      If you comply with this request and return the signed waiver, it will be filed with the court and no
summons will be served on you. The action will then proceed as if you had been served on the date the
waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date
designated below as the date on which this notice is sent (or before 90 days from that date if your address
is not in any judicial district of the United States.)

      If you do not return the signed waiver within the time indicated, I will take appropriate steps to
effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the
extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are
addressed) to pay the full costs of such service. In that connection, please read the statement concerning
the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

      I affirm that this request is being sent to you on behalf of the plaintiff, this _____ day of

_____ , _____ .

 

                                      _____
                                      Signature of Plaintiff's Attorney
                                      or Unrepresented Plaintiff

A — Name of individual defendant (or name of officer or agent of corporate defendant)
B — Title, or other relationship of individual to corporate defendant
C — Name of corporate defendant, if any
D — District
E — Docket number of action
F — Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

AO 399 (12/93)

# WAIVER OF SERVICE OF SUMMONS

TO: _____
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I acknowledge receipt of your request that I waive service of a summons in the action of

_____ , which is case number _____
(CAPTION OF ACTION)                                                    (DOCKET NUMBER)

in the United States District Court for the _____ District of

_____ . I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting)

if an answer or motion under Rule 12 is not served upon you within 60 days after _____ ,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.


_____                    _____
DATE                                          SIGNATURE

Printed/Typed Name: _____

As _____ of _____
(TITLE)                                          (CORPORATE DEFENDANT)


### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

WILLIAM ALAN GLUCK,

Plaintiff (s),

v.

A PLACE FOR MOM,

Defendant(s).

No. **C 08-00030 PJH**

**ORDER SETTING INITIAL CASE
MANAGEMENT CONFERENCE
AND ADR DEADLINES**

IT IS HEREBY ORDERED that this action is assigned to the Honorable Phyllis J. Hamilton. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order  and all other documents specified in Civil Local Rule 4-2.  Counsel must comply with the case schedule listed below unless the Court otherwise orders.

IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3.  Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov.  A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

## CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|---|---|---|
| 1/3/2008 | Notice of removal filed | |
| 3/20/2008 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP_26(f) & ADR L.R.3-5 |
| | • file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference | Civil_L.R. 16-8 |
| 4/3/2008 | *Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1)<br>Civil_L.R . 16-9 |
| 4/10/2008 | INITIAL CASE MANAGEMENT CONFERENCE (CMC)  in Courtroom 3 17th Flr at 2:30 PM | Civil_L.R. 16-10 |

*  If the Initial Case Management Conference is continued, the other deadlines are continued accordingly.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Plaintiff(s),                    No. C-            PJH

    v.                           **STANDING ORDER RE
                                 REMOVED CASES**

Defendant(s).
_____/

IT IS HEREBY ORDERED THAT upon removal of this action, the removing defendant or defendants shall, within ten (10) calendar days of the date of removal, file and serve a submission providing the following information:

1.    Whether all defendants served at the time of removal joined in the notice of removal.

2.    Whether the notice of removal was dated more than thirty (30) days after the first defendant was served.

3.    If the action has been removed on the grounds of diversity jurisdiction, whether any defendant served at the time of removal is a citizen of California.

4.    If the action has been removed on the grounds of diversity jurisdiction, the citizenship of all named plaintiffs and all named defendants (including the citizenship of all members or partners in any non-corporate party).

If plaintiff wishes to respond to defendant's submission, such response, if any, shall be filed and served within ten (15) calendar days of the date of the removal. Any motion to remand the action to state court based on any defect other than lack of subject matter jurisdiction shall be filed within thirty (30) days after removal. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

Dated: _____

                                    _____
                                    PHYLLIS J. HAMILTON
                                    United States District Judge

Removal.ord                              1

# STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.     Jurisdiction and Service:  The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.     Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.     Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.     Motions: All prior and pending motions, their current status, and any anticipated motions.

5.     Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.     Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.     Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.     Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.     Class Actions: If a class action, a proposal for how and when the class will be certified.

10.     Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.     Relief: All relief sought through complaint or counterclaim, including the amount of any

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.     Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.     Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.     Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.     Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.     Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.     Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.     Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.     Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.     Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.