1  MICHAEL VON LOEWENFELDT (178665)
   ADRIAN J. SAWYER (203712)
2  **KERR & WAGSTAFFE LLP**
   100 Spear Street, Suite 1800
3  San Francisco, CA 94105–1528
   Telephone: (415) 371-8500
4  Fax: (415) 371-0500

5  Attorneys for Defendant
   A PLACE FOR MOM

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| WILLIAM ALAN GLUCK, MONA SANCHEZ and JANI BIELENBERG, individually and on behalf of all employees similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>A PLACE FOR MOM, a Washington corporation; and DOES 1 to 100, inclusive<br><br>Defendants. | Case No. C 08-0030 PJH<br><br>**ANSWER BY DEFENDANT A PLACE FOR MOM** |

Defendant A Place for Mom, Inc. ("Defendant") for itself and no other entity, answers Plaintiffs' Complaint filed November 21, 2007, and removed to this Court January 3, 2008, as follows:

## CLASS ACTION ALLEGATIONS

1. Answering Paragraph 1 of the Complaint, Defendant admits that Plaintiffs purport to seek class-wide relief on behalf of themselves and on behalf of persons who are allegedly similarly situated. Except as expressly admitted, Defendant denies each and every allegation contained in Paragraph 1.

2. Answering Paragraph 2 of the Complaint, Defendant admits that Plaintiffs purport to bring this action as a class action on behalf of two purported classes. Defendant denies that any collective or class treatment is appropriate. Except as expressly admitted, Defendant denies each and every allegation contained in Paragraph 2.

3. Answering Paragraph 3 of the Complaint, Defendant admits that Plaintiffs were paid on a commission-only basis and that other purported members of the purported class were paid on a commission-only basis. Except as expressly admitted, Defendant denies each and every allegation contained in Paragraph 3.

4. Defendant denies the allegations contained in Paragraph 4 of the Complaint.

5. Defendant denies the allegations contained in Paragraph 5 of the Complaint.

6. Answering Paragraph 6 of the Complaint, Defendant lacks sufficient information and belief to admit or deny this paragraph, and on that basis denies the allegations contained in Paragraph 6.

7. Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8. Answering Paragraph 8 of the Complaint, Defendant lacks sufficient information and belief to admit or deny this paragraph, and on that basis denies the allegations contained in Paragraph 8.

## GENERAL ALLEGATIONS

9. Answering Paragraph 9 of the Complaint, Defendant admits that Plaintiffs William Alan Gluck and Mona Sanchez are former employees of Defendant who, during their

employment, were residents of the State of California. Defendant further admits that Plaintiff Jani Bielenberg is a former employee of Defendant who, during her employment, was a resident of the State of Colorado. Defendant lacks sufficient information and belief to admit or deny Plaintiffs' current state of residence, and on that basis denies the remaining allegations contained in Paragraph 9.

10. Defendant admits the allegations of Paragraph 10 of the Complaint.

11. Answering Paragraph 11 of the Complaint, Defendant admits that Plaintiffs purport to be ignorant of the true names and capacities of the Doe defendants and that Plaintiffs allege they will amend the Complaint to allege the true names and capacities of those Doe defendants when such information has been ascertained. Except as expressly admitted, Defendant denies each and every allegation contained in Paragraph 11.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

### **FACTUAL ALLEGATIONS**

13. Answering Paragraph 13 of the Complaint, Defendant admits that Plaintiffs purport to bring this action under the Fair Labor Standards Act of 1938 ("FLSA") and the California Labor Code. Except as expressly admitted, Defendant denies each and every allegation contained in Paragraph 13.

14. Answering Paragraph 14 of the Complaint, Defendant admits that it is an employer within the definition of the FLSA and California law, and admits that Plaintiffs are former employees of Defendant. Except as expressly admitted, Defendant denies each and every allegation contained in Paragraph 14.

15. Answering Paragraph 15 of the Complaint, Defendant admits that it has had more than $500,000 in annual revenues in each the past four years. Except as expressly admitted, Defendant denies each and every allegation contained in Paragraph 15.

16. Answering Paragraph 16 of the Complaint, Defendant admits that Plaintiffs were paid on a commission-only basis. Except as expressly admitted, Defendant denies each and every allegation contained in Paragraph 16.

17. Answering Paragraph 17 of the Complaint, Defendant admits that Plaintiffs' job

1  duties included conducting telephone calls from a home office, and that the job duties of other
2  persons employed by Defendant as commission-only employees included conducting telephone
3  calls from a home office. Except as expressly admitted, Defendant denies each and every
4  allegation contained in Paragraph 17.

5      18.    Answering Paragraph 18 of the Complaint, Defendant admits that Plaintiffs did
6  not receive overtime compensation, and further admits that other persons employed by
7  Defendant as commission-only employees did not receive overtime compensation. Except as
8  expressly admitted, Defendant denies each and every allegation contained in Paragraph 18.

9      19.    Answering Paragraph 19 of the Complaint, Defendant admits that Plaintiffs, at
10 times, did not receive commissions within a 30-day period, and that other persons employed by
11 Defendant as commission-only employees, at times, did not receive commissions within a 30-
12 day period. Defendant denies any unlawful conduct. Except as expressly admitted, Defendant
13 denies each and every allegation contained in Paragraph 19.

14     20.    Defendant denies the allegations contained in Paragraph 20.

15 **FIRST CAUSE OF ACTION**

16     21.    Answering Paragraph 21 of the Complaint, Defendant incorporates by reference
17 its responses to Paragraphs 1-20, inclusive, as though fully set forth herein.

18     22.    Defendant denies the allegations contained in Paragraph 22.
19     23.    Defendant denies the allegations contained in Paragraph 23.
20     24.    Defendant denies the allegations contained in Paragraph 24.
21     25.    Defendant denies the allegations contained in Paragraph 25.

22 **SECOND CAUSE OF ACTION**

23     26.    Answering Paragraph 26 of the Complaint, Defendant incorporates by reference
24 its responses to Paragraphs 1-25, inclusive, as though fully set forth herein.

25     27.    Answering Paragraph 27 of the Complaint, said paragraph is a legal conclusion
26 and no response is required. To the extent a response is required, the statutes and wage orders
27 referenced in Paragraph 27 speak for themselves, and Defendant denies any allegation
28 inconsistent therewith, denies that Plaintiffs' legal arguments have merit, and denies each and

every remaining allegation of said paragraph.

28. Defendant denies the allegations of Paragraph 28.

29. Answering Paragraph 29 of the Complaint, Defendant admits that commission-only employees earned only commission wages. Except as expressly admitted, Defendant denies each and every allegation contained in Paragraph 29.

30. Defendant denies the allegations of Paragraph 30.

31. Defendant denies the allegations of Paragraph 31.

32. Defendant denies the allegations of Paragraph 32.

33. Defendant denies the allegations of Paragraph 33.

34. Defendant denies the allegations of Paragraph 34.

35. Answering Paragraph 35 of the Complaint, Defendant admits that Plaintiff purport to request the relief described in said paragraph. Defendant denies that any relief is appropriate, and Defendant denies each and every remaining allegation contained in Paragraph 35.

### **THIRD CAUSE OF ACTION**

36. Answering Paragraph 36 of the Complaint, Defendant incorporates by reference its responses to Paragraphs 1-35, inclusive, as though fully set forth herein.

37. Answering Paragraph 37 of the Complaint, said paragraph is a legal conclusion and no response is required. To the extent a response is required, the statute referenced in Paragraph 37 speaks for itself, and Defendant denies any allegation inconsistent therewith, denies that Plaintiffs' legal arguments have merit, and denies each and every remaining allegation of said paragraph.

38. Defendant denies the allegations of Paragraph 38.

39. Answering Paragraph 39 of the Complaint, Defendant admits that it maintains payroll records as required by applicable law. Except as expressly admitted, Defendant denies each and every allegation contained in Paragraph 39.

40. Defendant denies the allegations of Paragraph 40.

41. Answering Paragraph 41 of the Complaint, Defendant admits that Plaintiff

1  purport to request the relief described in said paragraph.  Defendant denies that any relief is
2  appropriate, and Defendant denies each and every remaining allegation contained in Paragraph
3  41.

### FOURTH CAUSE OF ACTION

42.  Answering Paragraph 42 of the Complaint, Defendant incorporates by reference its responses to Paragraphs 1-41, inclusive, as though fully set forth herein.

43.  Answering Paragraph 43 of the Complaint, said paragraph is a legal conclusion and no response is required.  To the extent a response is required, the statute referenced in Paragraph 43 speaks for itself, and Defendant denies any allegation inconsistent therewith, denies that Plaintiffs' legal arguments have merit, and denies each and every remaining allegation of said paragraph.

44.  Defendant denies the allegations contained in Paragraph 44.

45.  Defendant denies the allegations contained in Paragraph 45.

46.  Answering Paragraph 46 of the Complaint, Defendant admits that Plaintiff purport to request the relief described in said paragraph.  Defendant denies that any relief is appropriate, and Defendant denies each and every remaining allegation contained in Paragraph 46.

### FIFTH CAUSE OF ACTION

47.  Answering Paragraph 47 of the Complaint, Defendant incorporates by reference its responses to Paragraphs 1-46, inclusive, as though fully set forth herein.

48.  Answering Paragraph 48 of the Complaint, said paragraph is a legal conclusion and no response is required.  To the extent a response is required, the statute referenced in Paragraph 48 speaks for itself, and Defendant denies any allegation inconsistent therewith, denies that Plaintiffs' legal arguments have merit, and denies each and every remaining allegation of said paragraph.

49.  Answering Paragraph 49 of the Complaint, said paragraph is a legal conclusion and no response is required.  To the extent a response is required, the statute referenced in Paragraph 49 speaks for itself, and Defendant denies any allegation inconsistent therewith,

1 denies that Plaintiffs' legal arguments have merit, and denies each and every remaining allegation of said paragraph.

50.  Answering Paragraph 50 of the Complaint, Defendant admits that commission-only employees were required to have a reasonably quiet place in their home to perform certain of their job duties, that commission-only employees were required to have a dedicated phone line and a computer, and that some commission only employees incurred travel mileage.  Except as expressly admitted, Defendant denies each and every allegation contained in Paragraph 50.

51.  Defendant denies the allegations contained in Paragraph 51.

52.  Answering Paragraph 52 of the Complaint, Defendant admits that Plaintiff purport to request the relief described in said paragraph.  Defendant denies that any relief is appropriate, and Defendant denies each and every remaining allegation contained in Paragraph 52.

### SIXTH CAUSE OF ACTION

53.  Answering Paragraph 53 of the Complaint, Defendant incorporates by reference its responses to Paragraphs 1-52, inclusive, as though fully set forth herein.

54.  Defendant denies the allegations contained in Paragraph 54.

55.  Answering Paragraph 55 of the Complaint, Defendant admits that Plaintiff purport to request the relief described in said paragraph.  Defendant denies that any relief is appropriate, and Defendant denies each and every remaining allegation contained in Paragraph 55.

56.  Answering Paragraph 56 of the Complaint, Defendant admits that Plaintiff purport to request the relief described in said paragraph.  Defendant denies that any relief is appropriate, and Defendant denies each and every remaining allegation contained in Paragraph 56.

### PRAYER FOR RELIEF

Defendant denies each and every allegation contained in Plaintiffs' prayer for relief, and specifically denies that the named Plaintiffs and/or the purported classes have been injured, or threatened with injury, in any way whatsoever, or at all, further denies that class certification

and/or collective action designation is appropriate, and specifically denies that the named Plaintiffs and/or the purported classes are entitled to any relief of any kind whatsoever.

## ADDITIONAL DEFENSES

(Applicable to All Causes of Action Unless Otherwise Specified)

Defendant asserts the following additional defenses to the Complaint:

### FIRST ADDITIONAL DEFENSE

The Complaint, and each and every cause of action contained therein, fails to state a claim upon which relief can be granted.

### SECOND ADDITIONAL DEFENSE

The Complaint, and each and every cause of action contained therein, is barred by the doctrine of estoppel.

### THIRD ADDITIONAL DEFENSE

The Complaint, and each and every cause of action contained therein, is barred by the doctrine of waiver.

### FOURTH ADDITIONAL DEFENSE

The Complaint, and each and every cause of action contained therein, is barred by the doctrine of laches.

### FIFTH ADDITIONAL DEFENSE

The Complaint, and each and every cause of action contained therein, is barred by the doctrine of unclean hands.

### SIXTH ADDITIONAL DEFENSE

The claims asserted in the Complaint are barred to the extent that they fail to satisfy the applicable statute of limitations, including but not limited to 29 U.S.C. section 255, California Code of Civil Procedure sections 337, 338, 339, and 340, and Business and Professions Code section 17208.

### SEVENTH ADDITIONAL DEFENSE

The Complaint is barred to the extent it purports to assert a class action for alleged violations of the FLSA, because no class action may be brought under the FLSA.

**EIGHTH ADDITIONAL DEFENSE**

The consent to and/or approval of any and all of Defendant's alleged conduct, statements, and/or omissions by the Plaintiffs and/or the purported class members bars the allegations contained in the Complaint.

**NINTH ADDITIONAL DEFENSE**

The Complaint is barred, in whole or in part, because all of the alleged acts were privileged and/or justified.

**TENTH ADDITIONAL DEFENSE**

Defendant properly classified Plaintiffs and the purported nationwide collective class members as "exempt" at all relevant times alleged by the Complaint; therefore, neither Plaintiffs, nor the purported nationwide collective class members, are entitled to minimum wages or overtime compensation under the provisions of Sections 6 and 7 of the Fair Labor Standards Act (29 U.S.C. sections 206, 207), inasmuch as Plaintiffs and the purported nationwide collective class members are and/or were employed as outside salespersons as such term has been defined and delineated by the Fair Labor Standards Act as well as the Administrator of the Wage and Hour Division of the United States Department of Labor, pursuant to authority delegated by the Secretary of Labor.

**ELEVENTH ADDITIONAL DEFENSE**

Pursuant to 29 U.S.C. section 254, Defendant is relieved of any liability for the overtime compensation and minimum wages claimed by Plaintiffs and/or the nationwide collective class members to the extent that the activities on which claims for overtime compensation and minimum wages are based consisted of traveling to and from the actual place of performance of, and of activities preliminary and postliminary to, the principal activities of employment, because such activities were not compensable by either an express provision of any written or non-written contract or by any custom or practice in effect at the time of such activities; or, if compensable by such contract, custom, or practice, the activities were not engaged in during the portion of the day with respect to which they were so made compensable.

**TWELFTH ADDITIONAL DEFENSE**

Without admitting that Defendant's acts and omissions alleged in the Complaint violated the Fair Labor Standards Act, Defendant avers that such acts and omissions were committed in good faith and that Defendant had reasonable grounds for believing that such acts or omissions were not a violation of the Fair Labor Standards Act. Defendant therefore requests that the Court, in the exercise of its sound discretion, not make any award of liquidated damages to Plaintiffs and/or the purported nationwide collective class members.

**THIRTEENTH ADDITIONAL DEFENSE**

To the extent that Defendant had no knowledge of the overtime work of the Plaintiffs and/or the purported nationwide collective class members alleged in the Complaint, and the conduct of the Plaintiffs and/or the purported nationwide collective class members prevented it from discovering such overtime work, Defendant cannot be said to have suffered or permitted the work under the Fair Labor Standards Act, and thus is not liable for overtime compensation.

**FOURTEENTH ADDITIONAL DEFENSE**

Defendant properly classified Plaintiffs and the purported California class members as "exempt" at all relevant times alleged by the Complaint; therefore, the claims of Plaintiffs and the purported California class members are barred inasmuch as Plaintiffs and/or the purported California class members are and/or were employed as outside salespersons as such term has been defined and delineated by the California Labor Code as well as the Industrial Welfare Commission pursuant to authority delegated by the California Labor Code.

**FIFTEENTH ADDITIONAL DEFENSE**

Defendant properly classified Plaintiffs and the purported California class members as "exempt" at all relevant times alleged by the Complaint; therefore, the claims of Plaintiffs and the purported California class members are barred inasmuch as Plaintiffs' and/or the purported California class members' earnings exceeded one and a half times the minimum wage, and more than half of Plaintiffs' and/or the purported California class members' earnings represents commissions.

### SIXTEENTH ADDITIONAL DEFENSE

Defendant's alleged acts or omissions, if any, were in good faith and Defendant has reasonable grounds to believe that the alleged acts or omissions did not violate the California Labor Code or any order of the California Industrial Welfare Commission.

### SEVENTEENTH ADDITIONAL DEFENSE

Defendant's conduct and activities as alleged in the Complaint and any alleged violation of law, if it occurred, were non-willful and unintentional.

### EIGHTEENTH ADDITIONAL DEFENSE

The Complaint fails to state a claim against Defendant sufficient to impose penalties, including but not limited to, penalties pursuant to California Labor Code sections 203 and 226.7.

### NINETEENTH ADDITIONAL DEFENSE

The claims of the Plaintiffs and/or the purported California class members are barred to the extent that Plaintiffs and/or the purported California class members secreted or absented themselves to avoid payment of wages and/or refused to receive the payment fully tendered to them by Defendant, thereby relieving Defendant of liability for Labor Code section 203 penalties.

### TWENTIETH ADDITIONAL DEFENSE

The claims of Plaintiffs and/or the purported California class members are barred to the extent that Plaintiffs and/or the purported class members' expenses were not necessarily incurred.

### TWENTY-FIRST ADDITIONAL DEFENSE

The claims of Plaintiffs and/or the purported California class members are barred to the extent that Plaintiffs' and/or the purported class members' expenses were incurred in violation of Defendant's instructions.

### TWENTY-SECOND ADDITIONAL DEFENSE

The claims of Plaintiffs and/or the purported California class members are barred to the extent that Plaintiffs and/or the purported California class members failed to comply with Defendant's expense reimbursement program and policies.



### TWENTY-THIRD ADDITIONAL DEFENSE

The claims of Plaintiffs and/or the purported California class members are barred to the extent that Plaintiffs and/or the purported California class members failed to seek reimbursement from Defendant.

### TWENTY-FOURTH ADDITIONAL DEFENSE

To the extent Defendant is liable, if at all, for the claims of Plaintiffs, the purported nationwide collective class members, and/or the purported California class members, the fact and extent of which Defendant denies, Defendant is entitled to indemnification, contribution, and/or equitable apportionment for such claims among all other parties, individuals or other entities responsible for those claims.

### TWENTY-FIFTH ADDITIONAL DEFENSE

To the extent Plaintiffs and/or the purported nationwide collective class members seek compensatory damages or other damages not available under the Fair Labor Standards Act, any such attempt to obtain those damages is barred.

### TWENTY-SIXTH ADDITIONAL DEFENSE

Plaintiffs, as well as the purported nationwide collective class members, and the purported California class members, have failed, and continue to fail, to reasonably mitigate, minimize, or avoid any damages they have allegedly sustained, and recovery against Defendant, if any, must be reduced accordingly.

### TWENTY-SEVENTH ADDITIONAL DEFENSE

Plaintiffs cannot maintain their state class action and federal collective action claims because they are not adequate class representatives.

### TWENTY-EIGHTH ADDITIONAL DEFENSE

Plaintiffs cannot maintain their state class action and federal collective action claims because the purported California class and the purported federal collective action class each lack sufficient numerosity, common questions of law or fact do not predominate in either class, and Plaintiffs' claims are not typical of the claims of the purported classes.

**TWENTY-NINTH ADDITIONAL DEFENSE**

Class treatment is inappropriate for the claims presented in Plaintiffs' complaint because resolution of those claims requires or will require individualized inquiries into the factual circumstances of each purported nationwide collective class member, and each purported California class member.

**THIRTIETH ADDITIONAL DEFENSE**

Class treatment is not superior to other available methods for the fair and efficient adjudication of the claims of the Plaintiffs, the purported nationwide collective class, and/or the purported California class.

**RESERVATION OF RIGHT**

Defendant is presently without knowledge or information sufficient to form a belief as to whether it has additional defenses. Accordingly, Defendant reserves the right to assert additional defenses if Defendant becomes aware of the existence of additional defenses during discovery.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiffs take nothing by reason of the Complaint;
2. For dismissal with prejudice of the Complaint;
3. That Defendant be awarded its costs incurred in this action, including reasonable attorneys' fees; and
4. For such other and further relief as the Court deems just and proper.

DATED: January 9, 2008

**KERR & WAGSTAFFE LLP**

By _____/s/_____
ADRIAN J. SAWYER

Attorneys for Defendant
A PLACE FOR MOM