René L. Barge, Esq. – State Bar No.182317
Henry G. Weinstein, Esq. – State Bar No. 139117
**CLASS ACTION LITIGATION GROUP, APC**
11111 Santa Monica Boulevard, Suite 1000
Los Angeles, California 90025-3344
Telephone: 310-481-9851
Facsimile: 310-481-9854
E-mail: *rbarge@class-action-attorneys.com*
       *hweinstein@class-action-attorneys.com*

Lee Feldman, Esq. – State Bar No. 171268
**THE FELDMAN LAW FIRM, APC**
10100 Santa Monica Blvd,., Suite 2490
Los Angeles, CA 90067
Tel: 310-552-7812
Fax: 310-552-7814
E-mail: *lee@leefeldman law.com*

Attorneys for Plaintiffs, WILLIAM ALAN GLUCK, MONA SANCHEZ AND JANI BIELENBERG, individually and on behalf of all employees similarly situated

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ALAN GLUCK, MONA SANCHEZ and JANI BIELENBERG, individually and on behalf of all employees similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> A PLACE FOR MOM, a Washington corporation; and does 1 to 100, inclusive. <br><br> Defendants. | Case No.: CV 08-00030 PJH <br><br> <u>CLASS ACTION</u> <br><br> **JOINT CASE MANAGEMENT STATEMENT [FRCP 26(f)]** <br><br> Date: April 10, 2008 <br> Time: 2:30 p.m. <br> Crtrm: 3 <br><br> Complaint Filed: Nov. 21, 2007 |

Plaintiffs William Alan Gluck, Mona Sanchez and Jani Bielenberg, by and through their co-counsel of record, Class Action Litigation Group, APC, and The Feldman Law Firm, APC, on the one hand, and defendant A Place For Mom, by and through its counsel of record, Kerr & Wagstaffe LLP, on the other hand, submit their Joint Case Management Statement pursuant to Rule 26(f) of the Federal Rules of Civil Procedure as follows:

.1.     **Rule 26(f) Conference**.  On March 25, 2008, at 2:30 p.m., René Barge and Henry G. Weinstein of Class Action Litigation Group, APC; Lee Feldman of The Lee Feldman Law Firm, APC; and Michael von Loewenfeldt and Adrian Sawyer of Kerr & Wagstaffe, LLP, all participated in a telephonic conference to discuss the matters set forth in the Joint Case Management Statement.

2.      **Jurisdiction and Service**.   This Court has subject matter jurisdiction over this lawsuit for the following reasons:

    a.      The Complaint's first claim for relief, on behalf of a putative nationwide class, alleges violations under the Fair Labor Standards Act ("FSLA") for failure to pay minimum wage and overtime compensation.  Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over claims brought under the FSLA.

    b.      The Complaint's remaining claims for relief allege violations of the California Labor Code and California Business and Professions Code on behalf of a putative statewide class.   Among other things, those claims for relief allege that Defendant failed to pay minimum wage and overtime compensation, failed to pay vacation wages, did not provide its employees with itemized wage statements, did not reimburse its employees for reimbursable work-related expenses, and committed unfair business practices based upon its alleged violations of the California Labor Code.  With regard to these State law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

    c.      All parties have been served, and no issues or disputes exist among the parties regarding personal jurisdiction or venue.

3.      **Facts**.  Plaintiffs contend that Defendant provides referral services on behalf of rest and convalescent homes for families in need of eldercare.  Plaintiffs contend that Plaintiffs and the putative class members were Defendant's employees who worked primarily out of their own homes arranging client referrals by telephone.  Defendant

classified the Plaintiffs and putative class members as commission-only employees who were not eligible to receive minimum wage or overtime compensation.

      a.    <u>FLSA Class</u>.  Plaintiffs allege that they and Defendant's other commission-only employees worked in excess of 40 hours a week—sometimes working 6 or 7 consecutive days in a workweek—without being paid minimum wage or overtime wages at the rate of one and a half times their regular rate of pay for all hours worked over 40 hours a week.

      b.    <u>California Class</u>.  Plaintiffs allege that they and Defendant's other commission-only employees worked in excess of 8 hours a day and/or 40 hours a week—sometimes working 6 or 7 consecutive days in a workweek—without being paid minimum wage or overtime wages at the rate of one and a half times their regular rate of pay for all time worked in excess of 8 hours a day and/or 40 hours a week.  Additionally, Plaintiffs allege that Defendant violated sections 201-203 of the California Labor Code by failing to timely pay them or the California putative class members who are former employees, all wages and back-wages owed to them at the termination of their employment.  Plaintiffs also claim that Defendant failed to provide them and the California putative class members with regular, itemized wage statements setting forth the information required by section 226(a) of the California Labor Code.  Furthermore, Plaintiffs allege that Defendant failed to reimburse them and the California putative class members for reimbursable work-related expenses under 20 C.F.R. § 531.35 and section 2802 of the California Labor Code.  Finally Plaintiffs allege that Defendant's statutory Labor Code violations constitute unfair business practices under section 17200, et seq., of the California Business & Professions Code.

4.    **Legal Issues**.  In its answer to Plaintiffs' complaint, Defendant affirmatively alleges that the Plaintiffs and putative class members are exempt from the payment of minimum wage and overtime compensation under the "outside salesperson" exemption.  Accordingly, the legal issues in this lawsuit include, without limitation:

a.   Whether Defendant's practice of not paying minimum wages and/or overtime compensation to its commission-only employees who share common duties and responsibilities was unlawful;

b.   Which tasks performed by Plaintiffs and FSLA putative class members constitute "outside sales," and which do not, in accordance with the federal courts' "primary duty" test under the FSLA "outside salesperson" exemption.

c.   Whether "outside sales" was the primary job duty performed by the Plaintiffs and FLSA putative class members.

d.   Which tasks performed by Plaintiffs and the California putative class members constitute "outside sales," and which do not, in accordance with the California law.

e.   Whether Plaintiffs and the California putative class members were "primarily engaged in" "outside sales" in the performance of their weekly job duties.

f.   Whether work performed in a mandatory "home office" constitutes "outside sales."

g.   Whether the wage statements provided to the Plaintiffs and California putative class members failed to comply with section 226(a) of the California Labor Code, and whether Plaintiffs and the California putative class members are entitled to recover liquidated and/or actual damages under for those violations under section 226(e) of the California Labor Code.

h.   Under the circumstances of Plaintiffs' and the California putative class members' employment, which expenses are reimbursable by Defendant as work-related expenses under 29 C.F.R. § 531.5 and section 2802 of the California Labor Code.

i.   Whether an injunction should issue prohibiting Defendant from requiring (1) its non-California "commission-only" employees to work more

4

than 40 hours a week, and (2) its California "commission-only" employees to work more than 8 hours a day and/or 40 hours a week without paying them overtime compensation for all excess time worked.

4. **Motions**. With the understanding that this section refers only to dispositive motions, the parties respond as follows:

<u>Defendant's Pre-Certification Motions for Summary Judgment/Partial Summary Judgment</u>.

a. Defendant anticipates that after the parties have conducted adequate discovery, it will bring pre-certification motions for summary judgment/partial summary judgment with respect to the individual Plaintiffs' claims if Defendant believes that it has sufficient grounds to do so based on the evidence.

b. Plaintiffs contend that both federal and California law preclude this court from ruling on the substantive merits of this action until after it has determined whether a class is proper and, if so, notice has been provided to the class. *See Hickey v. Duffy,* 827 F.2d 234, 237 (7th Cir. 1987); 28 U.S.C. § 23(c)(1)(A); *Fireside Bank v. Superior Court*, 40 Cal. 4th 1069, 1074 (2007); and *Ortiz v. Lyon Management Group, Inc.*, 157 Cal. App. 4th 604, 623 (2007).

5. **Amendment of Pleadings**. In the operative complaint, Plaintiffs assert a claim for relief for illegal forfeiture of vacation time and wages under sections 201-203 and 227.3 of the California Labor Code. However, at the meet and confer in connection with the preparation of this Joint Case Management Statement, Defendant's counsel advised Plaintiffs' counsel that Defendant has a no-paid vacation policy. If, after conducting discovery on this issue, the evidence shows that defense counsel's contention is valid, Plaintiffs will take the necessary steps to amend their complaint, either by stipulation or motion, if necessary. Plaintiffs anticipate they will be in a position to lodge a stipulation or file a motion for leave to amend by February 15, 2009.

5

6. **Evidence Preservation**.  The parties have taken all steps they believe they are reasonably required to take under the circumstances in order to preserve all evidence, digital, electronic and otherwise, that existed as of the date each became aware that Plaintiffs intended to pursue their class action claims against Defendant.

7. **Disclosures**.  The parties have agreed to exchange their initial disclosure statements, together with copies of all documents they may list or categorize in their respective statements, on April 10, 2008.

8. **Discovery**.  The parties have not yet commenced conducting discovery. Any proposed limitations or modifications of the discovery rules and the parties' respective discovery plans will turn on each parties' analysis of the adequacy and extent of the other parties' initial disclosures with regard to the facts and legal issues set forth in Paragraphs 3 and 4 herein.  At this point in the litigation, those facts and issues merely provide a very basic framework for the overall scope of discovery.

  a. <u>Plaintiffs' Contentions Regarding Pre-Certification Discovery</u>

    Plaintiffs must not be limited to obtaining pre-certification discovery relating solely to the individual named Plaintiffs.   In order to prove that their claims are amenable to class-wide treatment, Plaintiffs must be permitted to take discovery on the issues of numerosity, commonality, typicality, and superiority.  Discovery on those issues is inextricably intertwined with issues pertaining to Defendant's liability on a class-wide basis.  Consequently, Plaintiffs must be permitted to take pre-certification discovery relating to Defendant's liability to the class.  In addition, while Plaintiffs do not dispute that detailed damages discovery should be deferred until after class certification, they must be permitted to conduct discovery on issues where various components of damages overlap with class certification issues.  For example, evidence of the number of overtime hours worked by class members on a daily (California) or weekly (California and FLSA) basis may very well be evidence

of typicality and commonality as well as support for Plaintiffs' arguments regarding superiority.

      b.    <u>Defendant's Contentions Regarding Pre-Certification Discovery</u>

Defendant contends that pre-certification discovery should be limited to issues related to certification. While there may be some matters not specifically related to the individual class representatives that are fairly related to class certification, the majority of information about putative absent class members is not. Defendant believes that this issue cannot be resolved generically, but needs to be addressed on a discovery request-by-request basis, with the general principle being that information not related to class certification should not be sought prior to such certification. In addition, discovery concerning putative class members may involve third party privacy rights; again, that issue should be addressed on a request-by-request basis.

9.    **Class Action**. Although Plaintiffs have alleged two classes in this lawsuit, an FLSA class and a California class, the FLSA allegations do not constitute a class action governed by the procedural requirements of Rule 23 of the Federal Rules of Civil Procedure. The FLSA claims constitute a representative action independently governed by the procedural certification requirements contained within the FLSA statutory scheme itself. In this lawsuit, only the claims alleged on behalf of the California class constitute a class action governed by Rule 23 of the Federal Rules of Civil Procedure.

    a.    Plaintiffs anticipate that they will be in a position to file their Rule 23 motion for class certification with respect to the California Class on or about April 9, 2009.

    b.    Plaintiffs anticipate that they will bring their motion for class certification under Rules 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

    c.    The putative California Class is currently defined in the operative complaint as follows: "All current and former A Place For Mom commission-only employees

who worked within the State of California at any time commencing four years before the filing of the Complaint in this lawsuit."

10. **Related Cases**. The parties do not believe that any cases exist within this District that are related to this lawsuit within the meaning of Civil Local Rule 3-12.

11. **Relief**. While the theory of relief may change depending on the underlying claim (i.e., damages, liquidated damages, attorneys' fees and costs, restitution and injunctive relief) the parties will not be in a position to assess the amount of Defendant's monetary exposure to Defendant until the classes are certified (or not), and the sizes of the respective classes are determined by the opt-in procedure under Rule 216(b) with respect to the FLSA class and the opt-out procedure under Rule 23 with respect to the California class.  Generally, the bulk of damages-related discovery in class action lawsuits is bifurcated until after a class is certified.  However, at the meet and confer, the parties discussed Defendant's willingness to consider voluntary provision of putative class member time records (to the extent they exist), number of employee workweeks and slots (as well as any other information that might be necessary in order to calculate monetary relief) in connection with any future mediation of Plaintiffs' claims under appropriate safeguards to protect third-party privacy rights.

12. **Settlement and ADR**. The parties agreed to conduct a voluntary, private mediation at some future time after sufficient discovery has been conducted to permit the parties to engage in meaningful settlement discussions.  The parties discussed engaging Judge Cahill to serve as mediator.  The parties believe that they should be able to participate in a meaningful mediation in or about December 2008.

13. **All-Purpose Magistrate Judge**. The parties decline to agree to the appointment of an all-purpose magistrate judge in this proceeding.

14. **Other References**. The parties do not believe this case is suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

15. **Narrowing of Issues.** The parties will continue to meet and confer throughout the progress of this lawsuit in order to narrow the issues it involves. The parties have met and conferred on the issue of Defendant providing contact information for putative class members, and will likely be able to reach a stipulation regarding this discovery. If unable to reach a stipulation, the parties will seek guidance from the magistrate judge

16. **Expedited Schedule**. This is not the type of case that can be handled on an expedited basis.

17. **Scheduling**. The parties propose the following schedule:

Discovery-Related Deadlines
a.   Non- Expert Discovery Cut-Off:             September 16, 2009
b.   Last Day for Filing Discovery Motions:     August 12, 2009
c.   Last Day for Hearing Discovery Motions:    September 16, 2009
d.   Expert Witness Disclosure:                 October 16, 2009
e.   Expert Witness Counter Designation:        November 6, 2009
f.   Expert Witness Discovery Cut-Off:          December 4, 2009

Non-Discovery Motion Deadlines
a.   Last day to file motion to amend
     pleadings or add parties:                  February 15, 2009

9

JOINT CASE MANAGEMENT STATEMENT                              CV08-00030 PJH

|   |    |                                                      |                   |
|---|----|------------------------------------------------------|-------------------|
| b. | | Last day for Defendant to file and personally serve motions for summary judgment and/or partial summary judgment: | October 12, 2009. |
| c. | | Last day for Plaintiffs to file and personally serve Motion for Class Certification: | April 9, 2009 |
| d. | | Last day for hearing on all other non-discovery motions: | October 14, 2009 |

Pre-Trial and Trial-Related Dates:

| a. | Trial Date: | February 15, 2010 |
|----|---|---|
| b. | Pre-Trial Conference: | February 1, 2010 |
| c. | Pre-trial documents to be filed: | January 25, 2010 |

18. **Trial**. Plaintiffs have demanded a jury trial, and they estimate that the trial will last 12 days. Defendants will not be in a position to estimate a length of trial until they know whether or not a class is certified and, if so, on what terms.

19. **Disclosure of Non-Party Interested Entities or Persons**. Defendant has filed its Certification of Interested Entities or Parties, and Plaintiffs anticipate that their Certification will be filed concurrently with this Joint Status Conference Statement. None of the parties has any disclosures to make in this regard.

Dated: April 2, 2008                    **CLASS ACTION LITIGATION GROUP, APC**

By: /s/ Henry G. Weinstein
RENÉ L. BARGE
HENRY G. WEINSTEIN
Attorneys for Plaintiffs WILLIAM ALAN GLUCK, MONA SANCHEZ, JANI BIELENBERG, individually and on behalf of all employees similarly situated

10

| | | |
|---|---|---|
| 1 | Dated: April 2, 2008 | **KERR & WAGSTAFFE LLP**<br>MICHAEL VON LOEWENFELDT<br>ADRIAN J. SAWYER |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | By: _[signature]_ |
| 6 | | MICHAEL VON LOEWENFELDT<br>Attorneys for Defendant<br>A PLACE FOR MOM |

11

JOINT CASE MANAGEMENT STATEMENT                                CV08-00030 PJH