| | |
|---|---|
| 1 | MICHAEL VON LOEWENFELDT (178665) |
| | ADRIAN J. SAWYER (203712) |
| 2 | **KERR & WAGSTAFFE LLP** |
| | 100 Spear Street, Suite 1800 |
| 3 | San Francisco, CA 94105–1528 |
| | Telephone: (415) 371-8500 |
| 4 | Fax: (415) 371-0500 |

Attorneys for Defendant
A PLACE FOR MOM

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| WILLIAM ALAN GLUCK, MONA SANCHEZ, and JANI BIELENBERG, individually and on behalf of all employees similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>A PLACE FOR MOM, a Washington corporation; and DOES 1 to 10, inclusive<br><br>Defendants. | Case No. C 08-0030 PJH<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING CONFIDENTIALITY**<br><br>Hon. Phyllis J. Hamilton<br><br>Trial Date:  March 8, 2010 |

1  Disclosure and discovery activity in this action are likely to involve production of
2  confidential, proprietary, or private information for which special protection from public
3  disclosure and from use for any purpose other than prosecuting this litigation would be
4  warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the
5  following Order.

6  1. <u>DEFINITIONS</u>

7  1.1 <u>Disclosure or Discovery Material</u>:  all items or information, regardless of
8  the medium or manner generated, stored, or maintained (including, among other things,
9  testimony, transcripts, or tangible things) that are produced or generated in disclosures or
10  responses to discovery in this matter.

11  1.2 <u>"Confidential" Information or Items</u>:  Disclosure or Discovery Material
12  that is non-public and that a party in good faith believes must be held confidential to protect
13  personal privacy interests or proprietary commercial or business information, including trade
14  secrets.

15  1.3 <u>Receiving Party</u>:  a party that receives Disclosure or Discovery Material
16  from a Producing Party.

17  1.4 <u>Producing Party</u>:  a party or non-party that produces Disclosure or
18  Discovery Material in this action.

19  1.5 <u>Designating Party</u>:  a party or non-party that designates information or
20  items that it produces in disclosures or in responses to discovery as "Confidential."

21  1.6 <u>Protected Material</u>:  any Disclosure or Discovery Material that is
22  designated as "Confidential."

23  1.7 <u>Outside Counsel</u>:  attorneys who are not employees of a party but who are
24  retained to represent or advise a party in this action.

25  1.8 <u>In-house Counsel</u>:  attorneys who are employees of a party.

26  1.9 <u>Counsel (without qualifier)</u>:  Outside Counsel and In-house Counsel (as
27  well as their support staffs).

28  1.10 <u>Expert</u>:  a person with specialized knowledge or experience in a matter

1 pertinent to the litigation who has been retained by a party or its counsel to serve as an expert

2 witness or as a consultant in this action.

3     1.11    Professional Vendors:  persons or entities that provide litigation support

4 services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

5 organizing, storing, retrieving data in any form or medium; etc.) and their employees and

6 subcontractors.

7     2.    <u>SCOPE</u>

8     The protections conferred by this Stipulation and Order cover not only Protected

9 Material (as defined above), but also any information copied or extracted therefrom, as well as

10 all copies, excerpts, summaries, or compilations thereof (whether in written, computer or other

11 form), plus testimony, conversations, or presentations by parties or counsel to or in court or in

12 other settings that might reveal Protected Material.

13     3.    <u>DURATION</u>

14     Even after the termination of this litigation, the confidentiality obligations

15 imposed by this Order shall remain in effect until each Designating Party agrees otherwise in

16 writing or a court order otherwise directs.

17     4.    <u>DESIGNATING PROTECTED MATERIAL</u>

18     4.1    <u>Marking of Protected Material (Other Than Deposition Transcripts):</u>  Any

19 party to this litigation, or non-party who produces Disclosure or Discovery Material, shall have

20 the right to designate as "CONFIDENTIAL" any Protected Material it produces.  All Protected

21 Material shall bear a legend on each page stating that the material is "CONFIDENTIAL."  In

22 order to speed the process of producing large volumes of Protected Material, multi-page

23 documents in which Protected Material is pervasive may be marked "CONFIDENTIAL"

24 throughout, with the understanding that portions of those documents not containing Protected

25 Material can be de-designated through the meet-and-confer process of Paragraph 5.2.  Where it is

26 not possible to affix a legend to particular Protected Material, the Producing Party shall take

27 reasonable steps to give all Receiving Parties notice of its status as Protected Material.  Where a

28 computer disk has been marked as Protected Material and the files on it are not individually

1  bates-numbered or identified as Protected Material, all files contained on the disk shall be
2  considered Protected Material.
3        Mass, indiscriminate, or routinized designations are prohibited.  Designations that
4  are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to
5  unnecessarily encumber or retard the case development process, or to impose unnecessary
6  expenses and burdens on other parties), expose the Designating Party to sanctions.  If it comes to
7  a party's or a non-party's attention that Disclosure or Discovery Material designated as Protected
8  Material does not qualify for protection at all, or does not qualify for the level of protection
9  initially asserted, that party or non-party must promptly notify all other parties that it is
10 withdrawing the mistaken designation.
11       4.2   <u>Depositions:</u>  Deposition testimony may be classified as Protected
12 Material at the deposition, or at any time during a review period of up to and including 30 days
13 after receipt of the official transcript of such testimony by counsel for the party whose
14 information has been disclosed, or in the case of non- parties or others whose information has
15 been disclosed, up to and including 30 days after the transcript is available for review, whichever
16 period is longer.  Each deposition transcript in its entirety shall be treated as having been
17 designated "CONFIDENTIAL" during the review period.  Designations of Protected Material
18 made during the deposition will be reasonably identified at the beginning of the deposition
19 transcript when produced.  Designations of Protected Material made during the review period
20 will be made in writing served on all parties.  It will be the responsibility of counsel of record to
21 take reasonable steps to make sure that Protected Material in deposition transcripts is used only
22 as expressly permitted in this Order.  Expert witnesses who have been approved in accordance
23 with the provisions of paragraph 6.4 may attend depositions in their entirety.
24       4.3   <u>Contractual Obligations to Non-Parties:</u>  During the course of discovery in
25 this action, a party may be requested to produce information that is subject to contractual or other
26 obligations of confidentiality owed to a non-party.  The party subject to the contractual or other
27 obligation of confidentiality shall timely contact the person to whom the obligation is owed to
28 determine whether that person is willing to permit disclosure of the confidential information

under the terms of this Order.  If that person is willing, the information shall be produced in accordance with this Order.  If the person to whom the obligation is owed is not willing to permit disclosure of the confidential information under the terms of this Order, the party seeking the information in this litigation shall be notified, and any documents withheld on the basis of a contractual or other confidentiality obligation shall be identified on a separate index stating the reason for withholding the document and the person to whom the obligation of confidentiality is owed.  This Order shall not preclude any party from moving the Court for an order compelling production of such material.  This Paragraph 4.3 applies to production obligations arising out of requests for the production of documents pursuant to Federal Rule of Civil Procedure 34 and requests for production of documents pursuant to a subpoena under Federal Rule of Civil Procedure 45, and shall not be construed to have any effect on communications between plaintiffs and their counsel.

    4.4    Re-Designation: Inadvertent production of any Protected Material without a designation of confidentiality will not, standing alone, be deemed to waive a later claim as to its proper designation, nor will it prevent the Producing Party from designating said document or material "CONFIDENTIAL" at a later date.  The Producing Party shall comply with Paragraph 4.1 when re-designating Disclosure or Discovery Material as Protected Material. Following any re-designation of Disclosure or Discovery Material as Protected Material, the party receiving such Protected Material shall take reasonable steps to comply with the re-designation including, without limitation, retrieving all copies and excerpts of any re-designated Protected Material from persons not entitled to receive it.  However, the Receiving Party shall not be obligated to remove from the public record any Disclosure or Discovery Material that had been filed with the Court as part of the public record prior to the Producing Party's re-designation of that Disclosure or Discovery Material as Protected Material.  The Producing Party may move to have any such document sealed.

5.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

    5.1    Timing of Challenges:  A party does not waive its right to challenge a confidentiality designation merely by electing not to mount a challenge promptly after the

4

Case No. C 08-0030 PJH                           STIPULATION AND [PROPOSED] ORDER
                                                       REGARDING CONFIDENTIALITY

1  original designation is disclosed.

2     5.2 <u>Meet and Confer:</u>  A party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party.  In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the Protected Material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first.

   5.3 <u>Judicial Intervention:</u>  A party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet-and-confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet-and-confer dialogue.

   The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Information classified as Protected Material shall retain its Protected Material status as well as its category of designation until such time as this Court enters an order reclassifying such material or stripping it of its Protected Material status; the time to seek review of the Court's order has expired, no appeal having been taken; or in the event review is sought, the reviewing court has completed its review and rendered a decision on the matter.

  6. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

   6.1 <u>Basic Principles:</u>  A Receiving Party may use Protected Material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  It may not use Protected Material for any other purpose, including, without limitation, any other litigation or any business,

1  competitive, or governmental purpose or function.  Protected Material may be disclosed only to

2  the categories of persons and under the conditions described in this Order.  When the litigation

3  has been terminated, a Receiving Party must comply with the provisions of Section 7 below,

4  (FINAL DISPOSITION).

5        Protected material must be stored and maintained by a Receiving Party at a

6  location and in a secure manner that ensures that access is limited to the persons authorized

7  under this Order.

8        6.2    <u>Disclosure of "CONFIDENTIAL" Information or Items:</u>  Unless

9  otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving

10 Party may disclose any information or item designated CONFIDENTIAL only to:

11       (a)    the Receiving Party's Outside Counsel of record in this

12 action, as well as employees of said Counsel to whom it is reasonably necessary to disclose

13 the information for this litigation and who have signed the "Agreement to Be Bound by

14 Order" that is attached hereto as Exhibit A;

15       (b)    Experts (as defined by this Order) of the Receiving Party to

16 whom disclosure is reasonably necessary for this litigation and who have signed the

17 "Agreement to Be Bound by Order" (Exhibit A);

18       (c)    the Court and its personnel;

19       (d)    court reporters, their staffs, and professional vendors to whom

20 disclosure is reasonably necessary for this litigation and who have signed the "Agreement to

21 Be Bound by Order" (Exhibit A);

22       (e)    during their depositions, witnesses in the action to whom

23 disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by

24 Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions

25 that reveal Protected Material must be separately bound by the court reporter and may not

26 be disclosed to anyone except as permitted under this Stipulated Order.

27       (f)    the author of the document or the original source of the

28 information.

6.3     <u>Protected Material Subpoenaed or Ordered Produced in Other Litigation:</u>
If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Stipulated Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its Protected Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

6.4     <u>Unauthorized Disclosure of Protected Material:</u>  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

6.5     <u>Using Protected Material in Court:</u>  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any Protected Material. A party that seeks to

1   file under seal any Protected Material must comply with Civil Local Rule 79-5.

2   In the event that Protected Material is to be offered into evidence in any public
3   hearing or proceeding, including trial, the offering party shall so notify the Court and the Court
4   shall then consider what steps, if any, should be taken to protect the information.

5   6.8   <u>Own Use</u>:  Nothing contained herein shall prevent any Designating Party
6   from disclosing its own Protected Material to any person as it deems appropriate.

7   7.   <u>FINAL DISPOSITION</u>

8   Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days
9   after the final termination of this action, each Receiving Party must return all Protected Material
10  to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies,
11  abstracts, compilations, summaries or any other form of reproducing or capturing any of the
12  Protected Material.  With permission in writing from the Designating Party, the Receiving Party
13  may destroy some or all of the Protected Material instead of returning it.  Whether the Protected
14  Material is returned or destroyed, the Receiving Party must submit a written certification to the
15  Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-day
16  deadline that identifies (by category, where appropriate) all the Protected Material that was
17  returned or destroyed and that affirms that the Receiving Party has not retained any copies,
18  abstracts, compilations, summaries, or other forms of reproducing or capturing any of the
19  Protected Material.  Notwithstanding this provision, Counsel are entitled to retain one archival
20  copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney
21  work product, even if such materials contain Protected Material.  Any such archival copies that
22  contain or constitute Protected Material remain subject to this Order as set forth in Section 3
23  (DURATION), above.

24  8.   <u>RIGHT TO FURTHER RELIEF</u>

25  Nothing in this Order abridges the right of any person to seek its modification by the
26  Court in the future.

27
28

9. RIGHT TO ASSERT OTHER OBJECTIONS

By stipulating to the entry of this Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: November 10, 2008

                            **KERR & WAGSTAFFE LLP**

By _/s/ Adrian J. Sawyer_
    ADRIAN J. SAWYER

Attorneys for Defendant
A PLACE FOR MOM

DATED: November 10, 2008

                            **CLASS ACTION LITIGATION GROUP**

By _/s/ Rene L. Barge_
    Rene L. Barge

Attorneys for Plaintiffs
WILLIAM ALAN GLUCK, MONA SANCHEZ, and JANI BIELENBERG

DATED: November __, 2008

                            **THE FELDMAN LAW FIRM**

By _____
    Lee Feldman

Attorneys for Plaintiffs
WILLIAM ALAN GLUCK, MONA SANCHEZ, and JANI BIELENBERG


9. **RIGHT TO ASSERT OTHER OBJECTIONS**

By stipulating to the entry of this Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: November 10, 2008

**KERR & WAGSTAFFE LLP**

By _____
ADRIAN J. SAWYER

Attorneys for Defendant
A PLACE FOR MOM

DATED: November __, 2008

**CLASS ACTION LITIGATION GROUP**

By _____
Rene L. Barge

Attorneys for Plaintiffs
WILLIAM ALAN GLUCK, MONA SANCHEZ, and JANI BIELENBERG

DATED: November 10, 2008

**THE FELDMAN LAW FIRM**

By _____
Lee Feldman

Attorneys for Plaintiffs
WILLIAM ALAN GLUCK, MONA SANCHEZ, and JANI BIELENBERG

1   PURSUANT TO STIPULATION, IT IS SO ORDERED.

2   DATED: 11/20/08

3   By _____
    HONORABLE PHYLLIS J. HAMILTON
4   United States District Judge

*IT IS SO ORDERED*
*Judge Phyllis J. Hamilton*





Case No. C 08-0030 PJH                                  STIPULATION AND [PROPOSED] ORDER
                                                         REGARDING CONFIDENTIALITY

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY ORDER**

I, _____, [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Order Regarding Confidentiality that was issued by the United States District Court for the Northern District of California on _____, 2008 in the case of *Gluck, et al. v. A Place for Mom*, No. 08-0030 PJH.  I agree to comply with and to be bound by all the terms of this Order Regarding Confidentiality and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order Regarding Confidentiality to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Order Regarding Confidentiality, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Order Regarding Confidentiality.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____



1  I, Adrian J. Sawyer, am the ECF User whose ID and password are being used to file this
2  Stipulation and [Proposed] Order Regarding Confidentiality. In compliance with General Order
3  45, X.B., I hereby attest that counsel for Plaintiffs has concurred in this filing.
4  DATED: November 10, 2008

           KERR & WAGSTAFFE LLP

        By _____
           ADRIAN J. SAWYER

           Attorneys for Defendant
           A PLACE FOR MOM



Case No. C 08-0030 PJH                    12                    STIPULATION AND [PROPOSED] ORDER
                                                                REGARDING CONFIDENTIALITY